## A95A1319. ROYAL v. THE STATE.
### (458 SE2d 366)

BLACKBURN, Judge.

Following a trial by jury, the appellant, John T. Royal, Jr., was found guilty of child molestation and aggravated child molestation. His motion for new trial was denied by the trial court, and this appeal followed.

The evidence adduced at trial showed that Royal was married to the mother of the victim and resided with the victim and her mother at the time that the acts of molestation occurred. The victim, who was 15 years old at the time of trial, testified that she was sexually abused by Royal from October 5, 1991, to October 19, 1991. She specifically recounted an incident in which Royal made her undress and lie on top of him while he was naked during a purported game of truth or dare. Royal also required the victim to dress in her mother's lingerie and dance around the room. He placed his mouth on the victim's breast and asked the victim to kiss his penis. On another occasion, Royal fondled the victim's breast and vagina while the two were traveling from a store in his vehicle. The victim also recalled a similar incident during which Royal took her to a field in Albany and made her perform oral sex on him. A psychologist who subsequently evaluated the victim opined that the results of tests conducted on the victim were consistent with child sexual abuse. Royal did not testify at trial and did not present any evidence.

1. The evidence produced at trial was sufficient to authorize a rational trier of fact to find Royal guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roberson v. State*, 214 Ga. App. 208 (1) (447 SE2d 640) (1994). While Royal challenges the credibility of the

State's witnesses, particularly the victim, "[t]he weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citations and punctuation omitted.) *York v. State*, 207 Ga. App. 494, 495 (428 SE2d 113) (1993). Moreover, there is no requirement that the testimony of a child molestation victim be corroborated. *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988).

2. Royal asserts that the trial court erred in admitting over objection a photograph of the victim which was taken months after the acts of molestation occurred. Royal argues on appeal as he did below that the photograph was irrelevant and prejudicial. As this court held in *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987), "[a]n objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is entirely too vague and general to present any questions for determination by the trial court, and the overruling of this objection d[oes] not constitute reversible error." (Citations and punctuation omitted.) See also *Rauls v. State*, 209 Ga. App. 101 (2) (432 SE2d 677) (1993). "Assuming arguendo that the photograph was erroneously admitted, it is highly probable that any error in the admission of this evidence did not contribute to the judgment. [Cit.]" *Billings v. State*, 212 Ga. App. 125, 129-130 (441 SE2d 262) (1994). In addition, the photograph complained of was merely cumulative evidence since another photograph of the victim taken after the incidents involved herein was admitted without objection. See *Knight v. State*, 207 Ga. App. 846 (3) (429 SE2d 326) (1993).

3. Lastly, Royal contends that the trial court erred in failing to grant his motion for mistrial after the court learned that a juror had a map in the jury room and displayed the map to other jurors. The map was reviewed prior to the submission of the case to the jury and prior to the court's charge to the jury.

Upon inquiry from the court in chambers, the juror stated that she pulled out the map from her purse when other jurors asked about the location of the road on which the victim lived. The juror stated that the map did not have an effect on any members of the jury. Upon further inquiry of the trial court, all of the jurors indicated that they would disregard any information they received from observing the map and that they each could reach a verdict based solely on the evidence presented from the witness stand under the rules of law as charged by the court.

Based upon the jurors' responses to the court's inquiry, the trial

court was authorized to find that no harm occurred. *Jordan v. State*, 207 Ga. App. 710 (1) (429 SE2d 97) (1993). The jurors' responses clearly show that "there is no reasonable possibility that the improperly [reviewed] evidence contributed to the conviction and reversal is not required." (Citation and punctuation omitted.) *Chadwick v. State*, 164 Ga. App. 102, 103 (2) (296 SE2d 398) (1982). Consequently, the trial court did not abuse its discretion in overruling Royal's motion for a mistrial. Therefore, Royal's convictions must be affirmed.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 18, 1995.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry*, for appellant.

*C. Paul Bowden, District Attorney, Gary C. McCorvey, Assistant District Attorney*, for appellee.