## A97A1618. GOSS v. THE STATE.
(491 SE2d 859)

RUFFIN, Judge.

Arnold "Sonny" Goss was indicted on two counts of child molestation, two counts of aggravated child molestation, two counts of aggravated sodomy, and three counts of cruelty to children. The jury found him guilty of both child molestation counts and two counts of cruelty to children, but not guilty of the remaining offenses. The trial court denied Goss' motion for new trial, and this appeal followed. We affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim in this case is Goss' nine-year-old niece, M. I. At trial, M. I. testified that Goss raped her when she was eight years old. On the night of the rape, Goss was staying with M. I.'s family. M. I. testified that Goss awakened her during the night and asked her to show him the bathroom. M. I. complied, and when they arrived at the bathroom, Goss closed the door, pulled off her pants, and "put his pickle in [her] 'gina." A social worker testified that M. I. used the term "pickle" to refer to the male private part. According to M. I., Goss warned her that if she told anyone about this incident, he would hate her and never come to see her again.

Later that night, Goss awakened M. I. again, took her to the bathroom, laid down on top of her, "put his pickle in [her] 'gina and moved it up and down." The next hour, Goss took M. I. into her bedroom and removed her clothing. He then spread M. I.'s legs apart and "moved up and down" on her. M. I. testified that she saw "yellow stuff" coming out of Goss' "pickle" during the second and third incidents. That same night, Goss awakened her a fourth time, took her back to her bedroom, and "did the same thing again." M. I. testified that Goss' actions caused her physical pain.

The next morning, M. I. reported the incidents to Bonnie Angel, her babysitter. Angel testified about her conversation with M. I., who stated that Goss "had messed with her . . . [and] had done something that he shouldn't have done. . . ." M. I. similarly told Angel's daughter that Goss had gotten on top of her and "messed with her." According to Angel, M. I. was crying and scared when she reported the incidents.

The social worker who interviewed M. I. after the incidents also testified. M. I. told the social worker that Goss placed his "pickle in her 'gina," made her "suck his pickle," and placed "his pickle in her butter bean, which was [M. I.'s] rear end." M. I. further reported that "it hurt her down there in her 'gina when [Goss] was putting his pickle on her and that it hurt in her butter bean also."

In addition, the State presented similar transaction testimony from L. I., M. I.'s 17-year-old brother. L. I. testified that Goss touched him in the genital area on several occasions when he was ten or eleven years old. Goss also exposed his penis to L. I. and asked L. I. to touch and kiss his genitals.

Goss testified on his own behalf. He denied touching M. I. in any sexual way or exposing his private parts to her. He further denied sexually touching or exposing himself to L. I. The defense also called the emergency room physician who examined M. I. after the incidents. The physician testified that he found no evidence of trauma or injury to M. I.'s vaginal area or rectum.

1. In his first enumeration of error, Goss argues that the evidence was insufficient to support the jury's verdict.

"The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. [307], 319-320 [(99 SC 2781, 61 LE2d 560) (1979)]." *Gable v. State*, 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996). Under OCGA § 16-6-4 (a), "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." A person commits the offense of cruelty to children when that person "maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." OCGA § 16-5-70 (b).

Viewing the evidence as required, we conclude that the jury was authorized to find Goss guilty beyond a reasonable doubt of two counts of child molestation and two counts of cruelty to children, as alleged in the indictment. See *Gables*, supra. Although Goss argues that M. I.'s testimony conflicted with other evidence and was not credible, "the weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to [her] own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citation and punctuation omitted.) *Royal v. State*, 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995).

2. Goss further argues that the trial court erred in admitting similar transaction evidence from L. I., as well as several other children who ultimately recanted their allegations of molestation at trial. According to Goss, the State failed to establish that he committed these independent acts.

The record shows, however, that Goss never objected to the introduction of this evidence at trial. Although he states that he objected at a pretrial similar transaction hearing, that objection does not preserve the issue for appeal. "In cases where a similar transaction hearing is held pursuant to Uniform Superior Court Rule 31.3 (B), the failure to object to the introduction of the similar transaction evidence *at trial* waives the issue. [Cit.]" (Emphasis supplied.) *Jackson v. State*, 223 Ga. App. 207, 208 (1) (477 SE2d 347) (1996). See also *Jackson v. State*, 217 Ga. App. 485, 488 (4) (a) (458 SE2d 153) (1995) ("Although [the defendant] made a lack of similarity objection at the hearing, he waived this ground by failing to make this objection when the similar transaction evidence was introduced at trial. [Cit.]") (physical precedent only). Accordingly, Goss waived this alleged error by not objecting at trial.

3. In his third enumeration of error, Goss argues that the trial court erroneously admitted into evidence a telephone bill received by M. I.'s family. We find no reversible error.

At trial, Goss testified that he attempted to telephone his girl friend a few times on the night of the incidents, but she did not answer. He also tried to telephone his ex-wife. He could not recall how long he was on the telephone, but testified that it was a "pretty short amount of time[.]" Goss claims that he went to sleep after making these telephone calls and did not wake until the next morning between 8:00 a.m. and 8:30 a.m. Following this testimony, the State introduced the telephone bill over Goss' hearsay objections. The bill showed telephone calls made from the family residence between 12:24 a.m. and 2:35 a.m. On cross-examination, Goss agreed that he made the calls shown on the bill during that time period.

Goss argues that the State failed to lay a proper foundation for introduction of the telephone bill, which constitutes hearsay, and improperly used this hearsay evidence to impeach his credibility. Even if the trial court erred in admitting the telephone bill, however, we find any such error harmless. Before the bill was discussed at trial, Goss admitted that he made several telephone calls to different individuals during the night and could not specifically recall how long he was on the telephone. He neither denied using the telephone nor testified specifically about the number or length of calls made.

"The Supreme Court of Georgia has adopted the highly probable test when determining if an error is harmless. . . . The proper test [is] . . . whether it is highly probable that the error did not contrib-

ute to the judgment." (Citations and punctuation omitted.) *Letlow v. State,* 222 Ga. App. 339, 343 (2) (474 SE2d 211) (1996). We find it highly probable that introduction of the telephone bill did not contribute to the judgment. Accordingly, this enumeration of error has no merit.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 8, 1997.

*Kathleen J. Anderson,* for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.