A98A0062. THOMPSON v. THE STATE.
(504 SE2d 234)

McMURRAY, Presiding Judge.

Defendant Thompson appeals his conviction of two counts of aggravated child molestation, statutory rape, and incest. *Held:*

1. Over defendant's objection that such testimony invaded the province of the jury, the State's expert witness, Dr. Susan Campbell Hopkins, was allowed to relate her conclusion that the victim's allegations of sexual abuse were credible and that the victim's actual descriptions of sexual activities including those with defendant were not discounted as inaccurate. "The general rule concerning admissibility of expert testimony as to the ultimate issue is this: '(A)n expert may not testify as to his opinion as to the existence *vel non* of a fact (in this case, whether the child had been abused sexually) unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of drawing — from facts in evidence — such an inference for themselves. (Cit.)' *Allison v. State,* 256

---

Ga. 851, 853 (5) (353 SE2d 805) (1987)." *Hilliard v. State*, 226 Ga. App. 478 (1) (487 SE2d 81). Here, the State's expert was permitted to offer her conclusion based on analysis of an interview conducted with the victim, an interview which was videotaped and entered into evidence. We see no reason the jurors could not understand this evidence and form their own opinion as to the inference which should be drawn from it. The State's expert witness did not testify as to scientific or psychological matters the jury would need assistance in understanding, but merely related an opinion as to the credibility of the victim. The admission of testimony from the expert witness that she "considered this to be a founded case of abuse" and that she did not consider the victim's disclosure of sexual activity to be inaccurate was error. See also *Harris v. State*, 261 Ga. 386 (405 SE2d 482); *Sims v. State*, 260 Ga. 782, 783 (4), 784 (399 SE2d 924).

Nonetheless, the circumstances of the case sub judice are unusual in that whether sexual abuse occurred is not at issue. The nine-year-old victim gave a videotaped statement and testified at trial that she had sex repeatedly with at least four different males in addition to defendant. A physical examination of the victim showed that she had experienced sexual intercourse to an extent that her birth canal was consistent with what one sees in a married woman. The defendant does not dispute that his daughter is the victim of sexual abuse by others, only that he did not participate in it.

Accordingly, the child abuse expert's testimony, going to the issue of whether sexual abuse occurred, did not bolster the credibility of the victim since no one disagrees with the fact that the victim had been sexually abused. Neither did the expert's testimony make less credible the defendant's claim that while sexual abuse did occur, he did not participate in the abuse.

The better practice on the part of the State would have been to avoid introducing the child abuse expert's opinion that child abuse had occurred. Nonetheless, under the particular circumstances of the case sub judice, in which it is uncontroverted that the victim had been the subject of sexual abuse and that several males other than defendant could have been responsible, it appears highly probable that the expert's testimony that sexual abuse had occurred did not contribute to the verdict of the jury. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Goss v. State*, 228 Ga. App. 411, 413 (3) (491 SE2d 859); *Carroll v. State*, 185 Ga. App. 857, 858 (1) (366 SE2d 232). Accordingly, this enumeration of error has no merit.

2. Defendant contends that the trial court erred in admitting into evidence the videotape interview of the victim by Dr. Hopkins because the statement lacked a sufficient indicia of reliability. See *Rolader v. State*, 202 Ga. App. 134, 140 (413 SE2d 752).

"The factors considered in determining whether sufficient indicia

of reliability exist include: (1) the conditions under which the statement was made; (2) the statement's spontaneity; (3) the age of the child; (4) the child's demeanor; (5) the child's physical and mental condition; (6) the presence or absence of any threats or promises of benefit; (7) any involvement of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or others either before or during the giving of the statement; and (10) the consistency between repeated out-of-court statements. *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991)." *Heard v. State*, 221 Ga. App. 166, 167 (2) (471 SE2d 22). Pretermitting any questions as to whether defendant properly preserved an issue as to indicia of reliability of the videotaped interview of the victim, we find that requisite indicia are sufficiently present on the record. The interview was conducted at Harbor House, a child advocacy center, which provided a child friendly environment for the interview. The victim spontaneously described or demonstrated with dolls various sexual acts or conduct. The victim was interviewed shortly after disclosing the accusations against defendant, and was not coached or previously interviewed, other than some initial inquiries by her mother, prior to or during the videotaped interview. Minor inconsistencies in the victim's statement were not substantive in nature. Nor was the process rendered unreliable because the interview process sought to elicit information needed by law enforcement officials and social services agencies for the protection of the child.

3. Through her testimony at trial and evidence of her statements admissible pursuant to OCGA § 24-3-16, the victim provided evidence of defendant's guilt of all of the crimes of which he was convicted. Questions as to the credibility of the nine-year-old victim were for resolution by the jury. *Blackwell v. State*, 229 Ga. App. 452, 454 (3) (494 SE2d 269); *Goss v. State*, 228 Ga. App. 411, 412 (1) (491 SE2d 859); *Kapua v. State*, 228 Ga. App. 193 (1) (491 SE2d 387). The evidence presented at trial was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Blackwell v. State*, 229 Ga. App. 452, 454 (3), supra.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 29, 1998 —
RECONSIDERATION DENIED JULY 13, 1998.

*Burkhalter & Stephens, Albert F. Burkhalter, Jr.,* for appellant.

*Tambra P. Colston, District Attorney, Bryant G. Speed II, Assistant District Attorney*, for appellee.