## A98A1242. GRIFFITH v. THE STATE.
### (506 SE2d 676)

SMITH, Judge.

In 1991, Minnie Butler Griffith was found guilty by a jury of possession of cocaine with intent to distribute. After the judgment of conviction and sentence were entered on the jury's verdict, Griffith

obtained new counsel, who filed a motion for new trial. No timely appeal was filed from the denial of that motion.

Griffith eventually filed a pro se motion for out-of-time appeal, which was granted in March 1994. Counsel was appointed for Griffith, and this lawyer filed an extraordinary motion for new trial in September 1994. After the denial of that motion, Griffith's counsel filed a direct appeal to this Court. Because such appeals are required to be made by application for discretionary review, this Court dismissed the appeal. OCGA § 5-6-35 (a) (7).

Griffith then filed a pro se petition for writ of habeas corpus, alleging ineffectiveness of appellate counsel, which was granted in October 1996. New counsel was again appointed for Griffith, and that lawyer filed another motion for leave to file an out-of-time appeal, which was granted in February 1997. This lawyer then filed a motion for new trial, alleging ineffectiveness of trial counsel. After a hearing, the motion was denied in August 1997, and this appeal was timely filed.

Griffith raises two enumerations of error, contending that the evidence was insufficient to support her conviction and that her trial counsel was ineffective. We find no error and therefore affirm.

1. (a) Because it was not enumerated as error, we cannot consider Griffith's argument that the trial court's denial of her request to charge the lesser offense of possession of cocaine was error. Griffith may not enlarge her enumeration of errors by making arguments in the brief to include issues not raised in the enumeration of errors. *Guest v. State*, 229 Ga. App. 627, 628 (494 SE2d 523) (1997).

(b) The evidence presented at trial showed that officers with the Lowndes-Valdosta Drug Unit received information from a concerned citizen that Griffith was at a bar in Valdosta, seated in a particular booth along with several other persons, and that she was in possession of a quantity of crack cocaine. The officers entered the bar and saw Griffith in the specified booth, along with three others: Annie Burgess, Daisy West, and Eric Bines. The officers asked the occupants of the booth to step out and then conducted a search of the booth. One officer found a paper bag containing a ziplock bag and a matchbox "tucked in between the corner and the booth," on the left side, where Griffith had been seated, and another officer found a matchbox containing crack cocaine "tucked on the right side of this booth." All four occupants of the booth were arrested.[1] A forensic chemist with the state crime lab testified that the brown paper bag also contained a matchbox that held crack cocaine weighing 6.4 grams, along with a plastic bag with cocaine weighing 0.2 gram. He

---

[1] Charges against West were later dismissed.

testified that the other matchbox contained cocaine weighing 1.5 grams. Burgess, who had been sitting on the right side of the booth, subsequently admitted that the cocaine weighing 1.5 grams belonged to her. She pled guilty to possession of cocaine.

While in jail, Bines volunteered to give a statement to the officers, and he later testified at trial. He testified that Griffith and Burgess were seated in the booth while he was at the bar. When they called him over and asked him to have some of the chicken they had bought, he pulled a chair over to their booth. West arrived later and sat at the booth, informing everyone "the detectives were out there." He then saw Burgess take out a matchbox and place it down in the booth on her right side; he also saw Griffith take a plastic bag from her pocket and place it in the booth on her left side.

One of the arresting officers testified that the matchbox found in the paper bag contained 39 pieces of crack cocaine, worth about $1,200 on the street. In the officer's experience, this many pieces were not ordinarily for personal use but were carried by a dealer. The State also introduced evidence of a similar transaction, a 1988 guilty plea to a charge of sale of cocaine.

Griffith contends the State presented no direct evidence of her possession of the cocaine. She points out that at one point in his testimony Bines stated he did not actually see the plastic bag Griffith hid but saw her take "something" from her pocket and assumed it was the plastic bag later found where she was sitting. But on four other occasions during his testimony, Bines stated positively that he saw Griffith with the plastic bag. He stated, in fact, that he "definitely" saw Griffith with a plastic bag. Although his testimony was slightly confusing on this point, his credibility and the weight to be given his testimony were for the jury to determine. *Goss v. State*, 228 Ga. App. 411, 412 (1) (491 SE2d 859) (1997). "It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citations and punctuation omitted.) *Royal v. State*, 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995). The jury obviously believed his testimony, and the evidence was sufficient to support Griffith's conviction for possession of cocaine with intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Griffith contends her trial counsel was ineffective and states that with proper counsel the outcome of her trial could have been "markedly different." She fails to support these contentions with anything except conclusory allegations regarding trial counsel's failures. None of these allegations, however, is supported in her brief by specific citation to the record or legal authority.

Moreover, the trial court held a hearing on the issue of ineffectiveness of trial counsel and entered an order specifically finding that

these allegations by Griffith had no merit. "The trial court's findings on credibility matters will be upheld unless clearly erroneous, as will its ultimate determination whether the defendant received effective assistance of counsel. [Cit.]" *Parker v. State*, 226 Ga. App. 462, 466 (8) (a) (486 SE2d 687) (1997). Our review of the transcript of the hearing on the motion satisfies us that the trial court's findings and its determination that trial counsel was not ineffective are not clearly erroneous. We therefore affirm the judgment.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 11, 1998.

*William R. Folsom*, for appellant.

*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.