A99A1199. TANNER v. THE STATE.
(521 SE2d 898)

MILLER, Judge.

Convicted of two counts of selling cocaine in violation of OCGA § 16-13-30, Bryant Tanner appeals on grounds of insufficiency of the

evidence and improper admission of a similar transaction. We affirm.

1. Claiming that only one witness (Georgia Bureau of Investigation Agent Waters) testified regarding Tanner selling cocaine on the two dates in issue, Tanner argues that this evidence was insufficient to convict him. Tanner also contends that his alibi witnesses testified that he was not in Butts County on the two dates and therefore he could not have sold the cocaine to Agent Waters.

The appropriate standard for appellate review of a criminal case is whether, construing the evidence in favor of the State, any rational trier of fact could have found Tanner guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Agent Waters' testimony that on two separate occasions he purchased cocaine from Tanner met this standard. *Ivory v. State*, 234 Ga. App. 858, 859 (1) (508 SE2d 421) (1998). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Moreover, Police Chief Riley placed Tanner in Butts County at the location in question, contrary to the testimony of Tanner's witnesses. The jury resolves conflicts in trial testimony and assesses the credibility of the witnesses. *Griffith v. State*, 234 Ga. App. 326, 328 (1) (506 SE2d 676) (1998).

2. Tanner also argues that the trial court erred by admitting evidence of a prior similar transaction into evidence. Specifically, Tanner argues that the State failed to show the prior transaction was sufficiently similar to the crimes charged as required by *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

Agent McManus testified that during the night of March 4, 1989, he purchased cocaine from Tanner in Butts County. The State also presented a certified copy of Tanner's guilty plea and subsequent 1989 conviction for this sale of cocaine. Because all three incidents were hand-to-hand narcotic sales by Tanner, to undercover agents, at night, in Butts County, the evidence supported the trial court's finding that the prior act was sufficiently similar.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 30, 1999.

*William D. Patten, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra A. Graves, Gail M. Travillian, Assistant District Attorneys*, for appellee.