## A02A0853. GIBBS v. THE STATE.
### (568 SE2d 850)

MIKELL, Judge.

Robert Grady Gibbs appeals his conviction of child molestation, challenging the sufficiency of the evidence. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only decide if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Peterson v. State*, 253 Ga. App. 390, 391 (1) (559 SE2d 126) (2002).

Viewed in the light most favorable to the verdict, the evidence reveals that Gibbs was the victim's stepgrandfather. The victim, 12-year-old A. W., testified that she often visited the home of Gibbs and her grandmother. According to A. W., on April 13, 2001, she went with a teenaged friend, J. B., to look at a prom dress. Upon returning to J. B.'s house, A. W. told her friend that Gibbs had touched her on her breasts and vaginal area, underneath and on top of her clothing. J. B. confirmed that A. W. told her that Gibbs had touched her breasts and vagina.

A. W. further testified that she gave a videotaped statement to a sheriff's investigator, Brent Loeffler, that she told the truth to Loeffler, and that Gibbs had molested her since she was little. A. W. also stated that she never told her mother because she was afraid that Gibbs would hurt her. A. W.'s videotaped statement was admitted into evidence. Loeffler testified that prior to making the statement, A. W. told him that on numerous occasions over the last several years Gibbs had touched her on her breasts and vaginal area.

A. W.'s mother and aunt also testified that Gibbs had molested them when they were young. Gibbs denied molesting A. W., her mother, or her aunt.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). We find that the evidence recounted above amply supports

Gibbs's conviction under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Contrary to Gibbs's contention, the victim's testimony alone was sufficient to sustain the conviction. *Cobb v. State*, 254 Ga. App. 48 (1) (561 SE2d 124) (2002); *Alford v. State*, 243 Ga. App. 212, 213 (1) (534 SE2d 81) (2000).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 16, 2002.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.