## A06A1647. SIMPSON v. THE STATE.
(638 SE2d 900)

MILLER, Judge.

Following a jury trial, James L. Simpson was convicted of ten counts of child molestation, three counts of aggravated child molestation, one count of aggravated sexual battery, and four counts of enticing a child for indecent purposes against four girls, T. A. J., D. M. H., H. F., and S. R. Simpson appeals, contending that the prosecutor made improper and prejudicial remarks in closing argument and that he had been denied due process of law as to Counts 18 and 19 of the indictment (alleging child molestation and aggravated child molestation, respectively, upon H. F.), in that such offenses were supported by unsworn and uncorroborated child hearsay alone. Discerning no error, we affirm.

As to Counts 18 and 19, the evidence shows that H. F. stated, in a videotaped child forensic interview introduced at trial, that Simpson got on top of her while she was in bed and "tried to move on [her] and stuff" while both were wearing their pajamas and that he made her perform fellatio on him. T. A. J. corroborated the latter event in her trial testimony. At trial, H. F. recanted her videotaped statement, denying ever having touched Simpson anywhere on his body.

1. Simpson's complaint as to the prosecutor's closing argument is without merit. The record shows that in response to closing argument for Simpson, which attacked the credibility of the State's witnesses, the prosecutor argued that "I guess we're all just so darned stupid. The police? They're just stupid. [Therapist] Carla Steckler, she's just stupid. The Coastal Child Advocacy Center, they're just stupid." Trial counsel objected on the ground that it is "improper to comment on why you decided to bring this case or why the police officers may or may not have worked with it."

While "[i]t is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness . . . , it is not improper for counsel to urge the jury to draw such a conclusion from the evidence." (Citations and punctuation omitted.) *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001). Inasmuch as the prosecutor here argued no more than that the State's evidence was worthy of belief, rather than his personal belief in the credibility of such

evidence or the infallibility of his witnesses, the trial court did not err in denying trial counsel's motion for a new trial on this account.

2. Neither did the trial court err in admitting the videotaped interview of H. F. upon the claim that such interview was violative of Simpson's right to due process as based upon child hearsay.

At trial, H. F. recanted her videotaped statement insofar as it supported Counts 18 and 19 of the indictment against Simpson; however "[c]onflicts between [a] videotaped statement and the testimony of the child at trial do not necessarily render the former inadmissible, but would rather present a question of credibility of the witness to be resolved by the trier of fact. . . ." (Citation omitted.) *Amerson v. State*, 268 Ga. App. 855 (1) (602 SE2d 857) (2004). Further, while the Child Hearsay Statute (OCGA § 24-3-16) does not require corroboration of child hearsay (*Amerson*, supra, 268 Ga. App. at 855 (1)), H. F.'s videotaped statement accusing Simpson of requiring her to place his penis in her mouth was corroborated by another witness. Moreover, since each of Simpson's witnesses testified at trial, no denial of due process is implicated. See *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987) (requiring the alleged victim to take the stand moots due process claims for denial of confrontation and cross-examination). Construed in favor of the jury's verdict, the evidence is thus sufficient to sustain that verdict, finding Simpson guilty as charged of Counts 18 and 19 of the indictment.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2006.

*William S. Lewis, Gabrielle A. Pittman*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.