## A07A1118. HUTCHINSON v. THE STATE.
### (651 SE2d 523)

MIKELL, Judge.

James Richard Hutchinson was convicted of two counts of child molestation, aggravated sexual battery, and aggravated child molestation by a Lowndes County jury. On appeal, he challenges the sufficiency of the evidence as to each of his convictions and argues that the trial court should have granted his motion for directed verdict of acquittal. We affirm.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve.[1]

Construed in favor of the verdict, the thirteen-year-old victim, M. R., who was ten years old when she reported the alleged abuse, testified that Hutchinson was her mother's husband and that she had known him for as long as she could remember. M. R. further testified

---

[1] (Citation and punctuation omitted.) *White v. State*, 250 Ga. App. 783 (552 SE2d 927) (2001). Accord *Pennington v. State*, 254 Ga. App. 837, 838 (564 SE2d 219) (2002), citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

that when she was seven or eight years old, Hutchinson kissed her on her lips and mouth with his mouth open; that he licked her vagina, used his penis to rub her vaginal area, and made her touch his penis; that he did not penetrate her vagina with his penis but forcefully rubbed it around her vaginal area, which "hurt real bad"; that he also rubbed her vaginal area with his fingers and that they would go in "just a little bit"; and that he would take all of his clothes off and pull her underwear down when he committed these acts. M. R. explained that Hutchinson would do these things to her when her mother was away from home and that she did not tell her mother because he told her that she would get in trouble if she told. M. R. told her mother about the abuse in response to questions from her mother after they watched a television show about molestation.

Joseph Driggers, a licensed clinical social worker who was employed as a therapist at the Children's Advocacy Center, testified that he conducted a forensic interview of M. R. on February 27, 2003. During the interview, which was videotaped, M. R. told him that Hutchinson had genital-to-genital contact with her, touched her, made her touch him, and that there was some attempted oral sex. The videotape was played for the jury.[2] Driggers testified that he counseled M. R. four times after the interview and that her account of what happened remained consistent with what she said in the initial interview.

Dr. Janice Loeffler, a pediatrician, testified that M. R. was her patient; that M. R. told her that the abuse had been happening for more than a year; that she performed a sexual assault examination on M. R. on March 4, 2003; that the exam revealed no abnormalities; and that she did not expect that there would be physical findings to confirm the inappropriate touching of M. R.'s breast and hand, the penetration of M. R.'s vagina with a finger, or oral sex with M. R. Dr. Loeffler explained that had full penetration occurred, there would have been physical findings to confirm its occurrence but that a ten-year-old child, having no sexual frame of reference, would experience pain if a penis was rubbed between the labia on the exterior of her vagina and would perceive that as intercourse. Dr. Loeffler also testified that in 95 percent of all sexual exams performed by her, she found no physical findings.

On cross-examination, Dr. Loeffler testified that she saw M. R. approximately a week after the last incident of abuse, and therefore, did not expect to see a bruised hymen because it heals within 24 to 48 hours. She also testified that there was no anal scarring and explained that it would be very unusual to see such scarring as the anal

---

[2] No transcription of the videotaped statement was included in the record.

penetration alleged in this case occurred once and the anal area heals within 72 hours. In her report, Dr. Loeffler wrote that the physical findings from the exam neither confirmed nor negated the allegation of sexual abuse but cautioned that the findings from the exam should not be viewed as evidence that the abuse did not occur since many types of abuse leave no physical findings. Hutchinson testified that he did not commit any of the crimes charged.

In his single enumeration of error, Hutchinson argues that the evidence was insufficient and that therefore, the denial of his motion for directed verdict of acquittal was erroneous. We disagree.

A person who does any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy his own or the child's sexual desires commits child molestation.[3] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."[4] Aggravated sexual battery is committed when a person intentionally penetrates with a foreign object, such as a finger, the sexual organ or anus of another person without the consent of that person.[5] The evidence supports Hutchinson's convictions on each offense.

The only argument that Hutchinson makes in his appellate brief is that the evidence was insufficient because the victim was not credible. Specifically, he maintains that her trial testimony was not consistent with her statement. Pursuant to OCGA § 24-9-80, credibility is a matter solely within the province of a jury. Therefore, any inconsistencies between the child's statement and her testimony at trial are to be resolved by the trier of fact, not by this court.[6] Also in support of his challenge to the victim's credibility, Hutchinson points out that the medical testimony did not prove or disprove the existence of molestation. Dr. Loeffler testified that upon examining M. R., she found no physical findings that corroborated the molestation. However, physical findings are not required.[7] "The evidence was in conflict, and the jury obviously believed the testimony of the child

---

[3] OCGA § 16-6-4 (a).

[4] OCGA § 16-6-4 (c).

[5] OCGA § 16-6-22.2 (b); *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001).

[6] See *Simpson v. State*, 282 Ga. App. 456, 457 (2) (638 SE2d 900) (2006); *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).

[7] See *Johns v. State*, 253 Ga. App. 207, 209 (3) (558 SE2d 426) (2002) (conviction affirmed where there was no physical evidence of abuse); *Davis v. State*, 221 Ga. App. 131, 132 (1) (470 SE2d 520) (1996) (where there were no physical findings to corroborate allegation of rape and evidence of guilt was not overwhelming, conviction affirmed because victim's testimony, alone, was sufficient to prove defendant's guilt).

victim and not that of [Hutchinson]."[8] The victim's testimony alone was sufficient to authorize the jury to find Hutchinson guilty of the crimes charged under the standard of *Jackson v. Virginia.*[9]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 5, 2007.

*David F. Sandbach, Jr.,* for appellant.
*J. David Miller, District Attorney,* for appellee.

---

[8] *Goldstein v. State,* 283 Ga. App. 1, 3 (1) (640 SE2d 599) (2006).

[9] Supra. See *Johnson v. State,* 284 Ga. App. 147, 148 (1) (a) (643 SE2d 556) (2007) (testimony of victim alone sufficient to authorize guilty verdict); *Goldstein,* supra (same); *Malone,* supra (same); *Putnam v. State,* 231 Ga. App. 190 (1) (498 SE2d 340) (1998) (same).