A08A1359. GREEN v. THE STATE.
(667 SE2d 921)

JOHNSON, Presiding Judge.

A jury found Calvin Green guilty of child molestation and aggravated child molestation. Green appeals, alleging there was insufficient evidence to support the verdict, the trial court erred in (1) denying his motion for a directed verdict, (2) allowing the victim to read a letter she had written to herself to the jury, and (3) allowing an expert witness to read a report she had prepared to the jury. We find no error and affirm Green's convictions.

1. The standard of review for the denial of a motion for directed verdict is the same as that for reviewing the sufficiency of the evidence to support a conviction: We view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are matters for the jury, not this Court.[2]

Viewed in that light, the evidence shows that Green moved in with the victim, a hearing impaired 15-year-old, and her mother. One day during Christmas break, while Green and the victim were alone in the house, Green entered the victim's bedroom and twice asked if

[1] *Hutchinson v. State*, 287 Ga. App. 415 (651 SE2d 523) (2007).
[2] Id.

she was a virgin. The victim responded yes and asked Green why he kept asking her the question. Green then pulled the victim's pajama pants and panties off and put his mouth on her private part. He also touched her on her private part with his hand and put his finger in her private part. The victim told Green to get out of her bedroom, but she was unable to push Green off her and could not move her legs because Green was holding her down. Green told the victim not to tell anyone because "me and your mom would go to jail and I will kill you."

The victim tried to call her mother on her cell phone and at work, but she could not get through. The victim then called her boyfriend and told him what had happened. Her boyfriend encouraged her to tell an adult. After Christmas break ended, the victim told a school employee what had happened to her over the break and spoke to a police detective later that day. Subsequently, a licensed psychologist who specialized in treating victims and perpetrators of sexual abuse evaluated the victim. The psychologist testified that based on the victim's test results and her interview with the victim, the victim exhibited signs and symptoms consistent with sexual abuse.

During an interview with police, Green claimed he had been set up. According to Green, he had a dream a few days prior to his arrest that "a child or someone was going to lie on him and that he was going to go to jail."

Green claims the evidence was insufficient to support the jury's verdict and the trial court erred in denying his motion for directed verdict. We disagree. OCGA § 16-6-4 (a) provides that a person commits the offense of child molestation when he "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." A person commits the offense of aggravated child molestation when he "commits an offense of child molestation which act . . . involves the act of sodomy."[3]

Here, the victim testified at trial and was subject to a thorough cross-examination. Although she purportedly recanted on cross-examination, she subsequently testified on re-direct examination that she was not making the story up and that these things really did happen to her. The victim testified that she was stressed and nervous about being in court and seeing Green. It is well established that in child molestation cases, the victim's testimony alone is sufficient to

---

[3] OCGA § 16-6-4 (c).

LAW LIBRARY

support a conviction.[4] Moreover, it is not the function of this Court to re-weigh the evidence or to determine the credibility of the witnesses:

> [T]he weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence.[5]

Taking the victim's testimony as true, as we must, it alone was clearly sufficient to authorize Green's conviction of the offenses charged.[6] The trial court did not err in denying Green's motion for a directed verdict.

2. In a two-paragraph argument, Green contends the trial court erred in allowing the victim to read a letter she wrote to herself to the jury. The victim testified that she wrote the letter to "help her work through the issues of being molested." The trial court allowed the victim to read the letter to the jury, but did not allow the letter to be submitted to the jury during deliberations.

In Georgia, even evidence of doubtful relevance or competence should be admitted, with its weight and credibility left to the jury to resolve.[7] And, this Court will not disturb a trial court's ruling on the admissibility of evidence absent an abuse of discretion.[8] Green has not shown an abuse of discretion in this case.

Moreover, Green objected to the victim reading the letter on the grounds that it would be improper and prejudicial. That was not a proper objection. "[A]n objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is entirely too vague and general to present any questions for determination by the trial court,

---

[4] See *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002); *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000).

[5] (Citation and punctuation omitted.) *Royal v. State*, 217 Ga. App. 459, 459-460 (1) (458 SE2d 366) (1995); see also *Cantrell v. State*, 231 Ga. App. 629 (500 SE2d 386) (1998).

[6] *Atkins v. State*, 243 Ga. App. 489, 490 (1) (533 SE2d 152) (2000).

[7] See *Godfrey v. State*, 187 Ga. App. 319, 321 (370 SE2d 183) (1988).

[8] See *Hammontree v. State*, 283 Ga. App. 736, 739 (3) (642 SE2d 412) (2007).

and the overruling of this objection does not constitute reversible error."[9] This enumeration of error lacks merit.

3. In another two-paragraph argument, Green maintains the trial court erred in allowing an expert witness to read a portion of her report to the jury rather than testifying from her own knowledge and memory. Pretermitting whether Green has made a proper argument regarding the expert's testimony, there is no evidence in the record to support Green's assertion that the expert witness read her report to the jury. It is the appellant's obligation to "affirmatively show asserted error by the record. Having failed to demonstrate support in the record for this enumeration, we find no error."[10] The only thing the record shows is that the expert witness delivered her testimony in narrative form. And, "[i]t is not error to allow a witness to deliver [her] testimony in narrative form, without the aid of questions from counsel, when counsel so request[s], provided the witness is not permitted to state anything which is inadmissible as evidence."[11] Here, Green does not argue that the expert witness stated anything which is inadmissible as evidence. This enumeration of error lacks merit.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 30, 2008.

*Mark A. Hinds, Jerry F. Pittman*, for appellant.
*Peter J. Skandalakis, District Attorney*, for appellee.

---

[9] (Citation and punctuation omitted.) *Royal*, supra at 460 (2); *Sultenfuss v. State*, 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

[10] (Citation, punctuation and footnote omitted.) *Robinson v. State*, 246 Ga. App. 576, 582 (7) (541 SE2d 660) (2000).

[11] (Citation and punctuation omitted.) *Burroughs v. State*, 186 Ga. App. 40, 44 (7) (366 SE2d 378) (1988).