## A08A1737. HARVEY v. THE STATE.
(671 SE2d 924)

MIKELL, Judge.

Following his conviction for rape, incest, and child molestation, Courtney Aloysius Harvey appeals the denial of his amended motion for new trial. In his sole enumeration of error, Harvey contends that the evidence was insufficient to support his conviction because the victim, K. H., denied at trial that any sexual contact occurred. For the reasons set forth below, we affirm.

A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will.[1] A father who engages in sexual intercourse with one he knows to be his stepdaughter commits incest.[2] "A person who does any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy his own or the child's sexual desires commits child molestation."[3] The evidence adduced at trial supports Harvey's convictions on each offense.

On appellate review of a criminal conviction,

> we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only decide if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[4]

Construed in the light most favorable to the jury's verdict, the evidence adduced at trial showed that Harvey was K. H.'s stepfather

---

[1] OCGA § 16-6-1 (a) (1).

[2] OCGA § 16-6-22 (a) (1).

[3] (Footnote omitted.) *Hutchinson v. State*, 287 Ga. App. 415, 417 (651 SE2d 523) (2007); OCGA § 16-6-4 (a).

[4] (Citations omitted.) *Gibbs v. State*, 256 Ga. App. 559 (568 SE2d 850) (2002). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

and resided with the victim, her mother, and her siblings at the time that the acts of molestation occurred. Pursuant to OCGA § 24-3-16, which permits admission of hearsay statements of a child concerning acts of sexual contact or physical abuse, the state introduced evidence of out-of-court statements made by K. H. relating to sexual attacks upon her by Harvey.[5] Testifying at trial were Toi Beavers, the school counselor at K. H.'s school; Brian Ray, a police detective in the Special Victims Unit of the Gwinnett County Police Department; and Denise Proto, a sexual assault nurse-examiner at the Gwinnett Sexual Assault Center.

In separate interviews with Beavers, Ray, and Proto on October 15, 2004, when K. H. was 12 years old, K. H. revealed that on multiple occasions, Harvey came into her room at night, touched her breasts and vagina underneath her clothes, and placed his penis inside her vagina. K. H. also reported that the attacks took place in her own bedroom; that recently visitors had been staying with her family, so she had been sleeping in the bedroom with her sister; but that the visitors were leaving and she would have to stay in her bedroom by herself once again; and that she feared the attacks would recommence.

K. H.'s interviews with Beavers and Ray took place at her school, and both Beavers and Ray testified that K. H. was upset and had been crying. A micro-cassette recording of K. H.'s interview with Ray was played for the jury.[6] According to Ray's testimony, K. H. said that she felt like "my stomach was full" when Harvey put his penis inside her; that later she found "sticky white stuff" in her underwear after her stepfather got off of her; and that the first time it happened, it was painful, but that it did not hurt as much the next time. She also told Ray that she attempted to resist Harvey by pushing his hands away with her hands, but that he held her hands down over her head.

Proto, who was qualified without objection as an expert in sexual assault forensic exams, testified that she conducted a physical examination of K. H., which revealed no visual sign of trauma. According to Proto's testimony, the vaginal tissue heals quickly; therefore, she did not expect to find any physical evidence of sexual contact, because K. H. reported that no such contact had taken place for the two weeks prior to the exam, while a family visitor had been staying in K. H.'s room.

Another outcry witness, S. G., a classmate and friend of K. H.'s, testified at trial that at some point during the 2004-2005 school year, when she and K. H. were in the seventh grade, the two girls were

---

[5] See *Kapua v. State*, 228 Ga. App. 193, 194 (1) (491 SE2d 387) (1997).

[6] No transcription of the micro-cassette recording was included in the record.

talking on the phone when K. H. became very quiet and S. G. asked her what was wrong. K. H. then told S. G. that she had been raped by her stepfather, Harvey.

At trial, however, K. H., who was then 13 years old, denied any sexual contact with Harvey. She testified that she made up the story because her sister told her that Harvey was not her "real dad." Harvey argues that because K. H. recanted her earlier statements at trial, the evidence was not sufficient to support his conviction. We disagree.

The weight and credibility to be given the testimony of witnesses, including witnesses for the state, are questions for the triers of fact.[7] "[T]hat some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence it gives credence."[8] It is not for the appellate court "to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence."[9] Further, the fact that K. H. recanted her earlier statements does not render those statements inadmissible under OCGA § 24-3-16, which requires only that the child victim be available to testify; it does not require that the victim corroborate the hearsay testimony.[10] Conflicts between K. H.'s earlier statements and her testimony at trial presented a question of credibility to the jury.[11] In this case, the jury decided that question adversely to Harvey.

Harvey points out that the medical exam of K. H. did not show any physical evidence of sexual molestation. However, such physical evidence is not required.[12] Moreover, even though no corroboration of K. H.'s hearsay statements is required,[13] her statements accusing Harvey of rape were corroborated by another witness to whom she made outcry. In addition, there was some evidence from which the jury could have concluded that K. H.'s mother pressured her to change her story. At the time of trial, K. H. was living alone with her mother. K. H. testified that her mother questioned the accusations K. H. had made; that her mother told her that if Harvey had put his penis inside her, it would have hurt; and that her mother said the

---

[7] See *Royal v. State*, 217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995); OCGA § 24-9-80.

[8] (Footnote omitted.) *Green v. State*, 293 Ga. App. 752, 754 (1) (667 SE2d 921) (2008), citing *Royal*, supra.

[9] (Footnote omitted.) Id.

[10] *Amerson v. State*, 268 Ga. App. 855 (1) (602 SE2d 857) (2004).

[11] See *Simpson v. State*, 282 Ga. App. 456, 457 (2) (638 SE2d 900) (2006).

[12] *Hutchinson*, supra (conviction affirmed even though physical exam of victim showed no evidence of abuse).

[13] *Amerson*, supra.

way K. H. was acting "didn't seem right." K. H.'s mother confirmed on the stand that she "just wasn't comfortable" with K. H.'s version of events. The mother further testified that she wanted her husband back in the home; that a substantial part of the family's income was derived from a dump truck business that she and her husband owned jointly; and that in her husband's absence, she had to pay an employee to drive the truck.

It was the function of the jury, and not of this Court, to resolve conflicts in the evidence presented at trial.[14] "So long as there is some competent evidence, even though contradicted, to support each element of the [s]tate's case, the jury's verdict will be upheld."[15] Viewed in the light most favorable to the jury's verdict, the evidence presented at trial was sufficient to enable the jury to conclude beyond a reasonable doubt that Harvey was guilty of the offenses charged.[16]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 7, 2009.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Karen M. Harris, Assistant District Attorney*, for appellee.

---

[14] *Kapua*, supra at 195 (1) (conviction affirmed where evidence indicated that child victim was pressured into recanting story).

[15] (Citation and footnote omitted.) *King v. State*, 268 Ga. App. 707, 708 (603 SE2d 54) (2004).

[16] See id. at 709-710 (conviction affirmed where rational trier of fact could conclude beyond a reasonable doubt that victim's fear of punishment and of her mother's disapproval caused her to recant).