### A10A0206. HIGGINS v. THE STATE.
(698 SE2d 335)

SMITH, Presiding Judge.

Zachary Higgins appeals from his rape and aggravated sodomy convictions. He asserts that he received ineffective assistance of counsel and that the trial court erred in its evidentiary rulings, its charge to the jury, and the sentence it imposed. We agree that Higgins received ineffective assistance of counsel, and we therefore reverse his conviction.

1. Higgins contends he received ineffective assistance of counsel because his trial counsel failed to object to the State's admission of the entire disposition order in a juvenile case to prove a similar transaction.[1] To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687-688 (III) (104 SC 2052, 80 LE2d 674) (1984); *Miller v. State*, 285 Ga. 285, 286-287 (676 SE2d 173) (2009).

The record shows that trial counsel failed to object to the State's admission of the unredacted juvenile disposition order that the State used to prove a similar transaction despite having raised the need for redaction of the sentence in a pre-trial hearing and having obtained an agreement from the State to do so.[2] After asking a police inves-

---

[1] The similar transaction involved Higgins placing his mouth on a four-year old girl's vagina and attempting to penetrate her vagina with his penis. At the time of the similar transaction, Higgins was 14 years old.

[2] While counsel renewed his objection to the admission of the similar transaction in general, he did not make any specific objections to the State's use of the entire content of the disposition order in a juvenile case to prove the facts and circumstances of the similar transaction.

tigator to read the "findings of fact" contained in the disposition order, the State asked the investigator to read the following paragraph regarding "the need for protection of community": "All children younger than Zachary with whom he may come into contact need to be protected from him. And he should not be allowed to have any unsupervised contact with children." Trial counsel did not object to this question.

The disposition order also went out with the jury during their deliberations. In addition to the paragraph emphasized by the State during the investigator's testimony, the jury learned the following information from the disposition order: that Higgins admitted the facts of the similar transaction in open court; that he was in need of treatment and rehabilitation; that restrictive custody was not in his best interest; that he would be "rehabilitated while on probation" for two years; that during probation he "shall not reside in the same household with his 12-year-old sister" or "any other child who is younger than he"; that during probation, "he shall not be left unsupervised with any children younger than he is"; and that he was required to "attend an outpatient sex offender treatment program."

In the motion for new trial hearing, trial counsel acknowledged that it was his understanding after a pre-trial hearing (conducted by a different judge who did not preside over the trial) "that the entire document would not be introduced into evidence." He testified that there was no strategic reason for him not to object; in his opinion, his exception to the previous ruling allowing the State to present the similar transaction evidence was adequate.

Counsel's failure to object specifically to admission of the sentencing portions of the juvenile court disposition order at trial constituted deficient performance. See *Miller v. State*, 250 Ga. App. 84, 85-86 (2) (550 SE2d 134) (2001) (sentence from similar transaction should not be admitted); *Weaver v. State*, 206 Ga. App. 560, 561 (3) (426 SE2d 41) (1992) (error to admit sentence in similar transaction). His general relevancy objection and exception to the previous ruling made by another trial judge were not adequately specific and failed to give the judge presiding over the trial an opportunity to consider the need for redaction. "An objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is entirely too vague and general to present any questions for determination by the trial court." (Citations, punctuation and footnote omitted.) *Green v. State*, 293 Ga. App. 752, 754-755 (2) (667 SE2d 921) (2008).

We also find a reasonable probability that the outcome would have been different had this damaging information been excluded from the jury's consideration. See *Collier v. State*, 266 Ga. App. 345, 353 (2) (a) (596 SE2d 795) (2004) (finding ineffective assistance of counsel based upon State's impermissible arguments about similar

transaction in closing). The evidence in this case was not overwhelming because evidence was introduced that the encounter may have been consensual.

2. Our holding in Division 1 renders Higgins's remaining enumerations of error moot.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED JULY 5, 2010.

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea,* for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney,* for appellee.