A04A2051. NEAL v. THE STATE.
(609 SE2d 204)

PHIPPS, Judge.

Charles Edward Neal was charged with committing the following crimes between January 1, 1999, and February 4, 2000: (1) child molestation upon V. V., "by causing said child to touch his sexual organ"; (2) child molestation upon V. V., "by touching said child's vagina with his hand"; (3) child molestation upon J. V., "by causing said child to touch his sexual organ"; (4) child molestation upon J. V., "by touching said child's anus with his sexual organ"; and (5) aggravated child molestation upon J. V., "by plac[ing] his sexual organ in

---

the anus of said child," which "involved an act of sodomy." After a jury trial, Neal was convicted of each charge. On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court should have merged two of the convictions. Finding no merit in either of these arguments, we affirm.

The state's evidence showed that on the night of February 5, 2000, deputy sheriffs arrived at the home of siblings V. V. and J. V. in response to allegations of child abuse being committed there. They found nine-year-old V. V. asleep in a bed with Neal. She was wearing a gown and panties that were pulled down to her mid-thighs. V. V., J. V., and another sibling were removed from the home and placed with a grandmother. After several weeks there, J. V. confided in her that on four different dates, Neal had touched his "dingaling," made him stroke his penis like a cat or dog, and "stuck [his penis] in his butt."

During an interview with a detective of the sheriff's department later that month, Neal described his involvement with V. V. and J. V.'s family. He had met the children's mother through his adult daughter in the spring or summer of 1999. Neal and his daughter subsequently moved into the home where the children lived with their mother, father, and a sibling. Neal's daughter and the children's father began a romantic relationship and then moved out of the residence. Neal continued living there, and the children's mother eventually wanted a sexual relationship with him. Neal began sleeping in the mother's bedroom, and V. V. would sometimes sleep with them. Neal had wanted V. V. in the bed with them so that V. V.'s mother would not want to have sex with him. Asked why V. V.'s panties were down when deputy sheriffs discovered the child in bed with him, Neal claimed that he had not been aware that V. V. was in the bed that night or that her panties were down.

V. V., 11 years old at trial, recalled that after her father moved out of the home, her mother often made her sleep in the bed with her and Neal, rather than in her own bed and bedroom. She testified that, when her mother was asleep or when she was alone in the bedroom with Neal, Neal would pull down her panties and then touch her between her legs in her "private area" with "[h]is mouth and his private and finger." She testified that she had touched Neal's "private" because he had told her to do so and because he had placed her hand on it. V. V. testified that these sexual episodes had happened "a lot" and after each encounter, he would tell her not to tell anyone. V. V. testified that she was afraid of Neal because he had threatened to shoot her.

Occasionally, Neal would sleep in a bed with V. V.'s younger brother, J. V., who was ten years old at the time of trial. J. V. testified that he had not wanted to sleep in a bed with Neal because "[h]e was putting his private in my butt." J. V. stated that Neal had done that

to him on four different dates. He also testified that on several occasions Neal had made him touch Neal's "private."

1. Neal contends that the evidence was insufficient to find him guilty of the crimes.

A person commits child molestation by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[1] An act of child molestation becomes "aggravated" when it "physically injures the child or involves an act of sodomy."[2] "Sodomy" is defined as a "sexual act involving the sex organs of one person and the mouth or anus of another."[3]

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. As an appellate court, we do not weigh the evidence, judge the credibility of witnesses, or resolve conflicts in trial testimony when the sufficiency of the evidence is challenged. Instead, we determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

Neal claims that the children's testimony contained weaknesses and inconsistencies. But such evidentiary issues were for the jury to decide. Because there was competent evidence, even if contradicted, to support each fact necessary to make out the state's case, the jury's verdicts are upheld.[5]

2. Neal contends that the trial court erred in failing to merge his conviction for child molestation upon J. V. "by touching said child's anus with his sexual organ" with his conviction for aggravated child molestation upon J. V. by "plac[ing] his sexual organ in the anus of said child." Neal argues that the former should have merged as a matter of fact with the latter because both crimes were based on J. V.'s statements that "he was putting his private in [the child's] butt."

> OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be prosecuted for each crime that arises from the accused's conduct,

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-6-4 (c).

[3] OCGA § 16-6-2 (a).

[4] (Punctuation and footnotes omitted.) *Mann v. State*, 244 Ga. App. 756, 757 (1) (536 SE2d 608) (2000); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] See *Rowe v. State*, 244 Ga. App. 654, 655-656 (1) (538 SE2d 452) (2000).

but an accused may not be convicted of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law.[6]

Neal's argument ignores J. V.'s statements that Neal had performed the sexual acts on four different dates.

This court has held that when the two offenses are separate legal offenses, they do not merge as a matter of law. And because the victim reported at least two separate acts of sexual [assault], it cannot be said that the convictions were based on the same conduct. Consequently, the convictions did not merge as a matter of fact either.[7]

Because there was evidence of more than one occurrence of Neal "putting his private in [J. V.'s] butt," the trial court did not err in convicting and sentencing Neal on both guilty verdicts.[8]

*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

## DECIDED JANUARY 18, 2005.

*Hamilton Bennett III,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney,* for appellee.

---

[6] (Citations and emphasis omitted.) *Curtis v. State,* 275 Ga. 576, 577 (1) (571 SE2d 376) (2002).

[7] (Citation and punctuation omitted.) *James v. State,* 268 Ga. App. 851, 854 (2) (602 SE2d 854) (2004).

[8] See id.; compare *Rudisail v. State,* 265 Ga. App. 293, 295-296 (2) (593 SE2d 747) (2004) (where a *single* act was used to prove child molestation and aggravated child molestation, former crime is included in the latter as a matter of fact, and trial court may not impose sentence for both offenses).