A06A0464. MALONE v. THE STATE.

(627 SE2d 378)

PHIPPS, Judge.

Convicted of child molestation, Mark Malone appeals the denial of his motion for new trial. He challenges the sufficiency of the evidence to support the verdict, and he claims that his trial attorney was ineffective in failing to object to testimony by a police detective that bolstered the credibility of the child and in not requesting a jury instruction that child molestation is a crime of specific intent. Finding the evidence sufficient and no ineffectiveness by counsel, we affirm.

Malone is the child's father. He and her mother divorced when the child was 11 years old. Initially, the child lived with her mother. But the child became unhappy there and moved in with her father sometime after she turned 12. Several months later, the child telephoned her mother. She was upset, said that her father had touched her inappropriately, and asked her mother to come get her. En route, the mother alerted the police.

At trial, the child testified that the night before she had telephoned her mother, she had slept with her father in his bed because she had become very frightened as a result of reading horror stories. Her legs were hurting, so she asked her father to rub them. As he was doing so, she fell asleep wearing a pajama-type t-shirt and underwear. She next remembered waking up in the early morning hours and discovering that her father was fondling her vaginal area underneath her underwear. According to the child, her father said "something like: daddy wants to help you make you feel good, so spread your legs apart." After he continued touching her for what "seemed like a long time, but . . . probably wasn't," he turned over. She moved away from him and then got out of his bed and went into her room.

At trial, Malone acknowledged that he had allowed the child to sleep in his bed on the night in question and that he had agreed to rub her legs. He initially testified that he did not remember anything else until he awoke the following morning and discovered that his daughter had gone into her own room. He later testified, however, that "I sort of maybe remember that during the night I had woken up one time and saw her or — saw her in my bed, and I was like, aagh, because I thought I was, like, I had my arm around her or something, and that would just be uncomfortable for me. . . ." According to Malone, he had argued with his daughter — initially that morning, because she did not want to go to school, and again that afternoon, when she called him at work and demanded that he pick her up early from school. Malone testified that he left work, got the child from school, and took her home early, but then threatened to send her back to live with her mother. It was later that afternoon that the child telephoned her mother and reported that Malone had molested her.

Prior to trial, Malone stated to the police that, on the night in question, "I remember rolling over, cuddling up, and then thinking, dude, what are you doing." At trial, Malone testified,

> I believe my daughter honestly thinks something may have happened. But I can stand here before you and God and everybody else and say I never, ever had any intention of doing anything to my daughter, ever, nor do I recall doing anything to my daughter, and I've never had those kind[s] of thoughts about my daughter.

1. In challenging the sufficiency of the evidence to support the verdict, Malone claims there were certain material conflicts between a pretrial statement the child gave to the investigating police officer and her trial testimony; he also relies on his own testimony establishing the child's motive to fabricate the allegations; he shows that

there was no evidence of force or physical trauma; and he points to an absence of evidence of any prior bad acts by him.

Specifically, Malone asserts that the child's statement to police and her trial testimony contained significant conflicts as to the time of the incident, the acts of molestation, and whether he was fully awake at the time. We disagree. Although the child's pretrial statement to the police that she awoke at about 5:30 in the morning did conflict with her testimony that she awoke at about 3:00, she consistently related both before trial and at trial that she awoke during the early morning hours, that her father was fondling her vaginal area underneath her underwear, and that he was fully awake at the time. When asked at trial whether he was awake when she later got out of bed to leave the room, the child responded that she had not turned around and did not really remember that well.

In any event, it is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient.[1] When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, we view the evidence in the light most favorable to the verdict.[2] The relevant question for this court is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] In answering this question, we as appellate judges do not put ourselves in the jury box and ask what verdict we would have returned had we been jurors. Rather, we uphold the jury's verdict as long as there is some competent evidence to support each element necessary to make out the state's case.[4]

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[5] Therefore, neither force nor physical trauma is an element of the offense. Here, there is competent evidence to support each element of this offense. The testimony of the child molestation victim alone was sufficient to authorize the jury to find that Malone committed the acts claimed by her[6] and to infer that he acted with the intent to arouse or satisfy his and her sexual desires.[7]

---

[1] *Sims v. State*, 278 Ga. 587, 589 (1) (604 SE2d 799) (2004).

[2] *Neal v. State*, 271 Ga. App. 283, 285 (1) (609 SE2d 204) (2005).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[5] OCGA § 16-6-4 (a).

[6] *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002).

[7] See generally *Duvall v. State*, 273 Ga. App. 143 (1) (a) (614 SE2d 234) (2005).

2. Malone charges defense counsel with ineffectiveness in failing to object to certain testimony by a police detective who conducted a pretrial interview of the child.

The detective was asked whether, to his knowledge, there were any indications that the child had been coached by anyone in anything she was saying. The detective responded in the negative, explaining that the child had been very open during the interview and had exhibited symptoms that, in his training and experience, are displayed by victims of sexual or physical abuse. Although the state did not ask the trial court to qualify the detective as an expert in forensic interviewing, his testimony established his qualifications as such. The trial court, in denying Malone's motion for new trial, was therefore authorized to find that the detective's testimony concerning the child's symptomology was within permissible bounds.[8]

3. Finally, Malone charges defense counsel with ineffectiveness in neither requesting a jury instruction on specific intent nor objecting to the trial court's failure to give such an instruction.

As recognized in *Strickland v. State*,[9] child molestation is a crime of specific intent. Here, the court informed the jury of this by reading the indictment to the jury and by instructing the jury on the statutory definition of child molestation. The court generally charged the jury on the state's burden to prove every element of the crime beyond a reasonable doubt; it specifically charged the jury that intent is an essential element of the crime that the state must prove beyond a reasonable doubt, and that it would be the jurors' duty to acquit the defendant if they found from the evidence that the subject incident occurred as a result of accident (as claimed by him). Thus, as in *Stephens v. State*,[10] the jury was adequately instructed on the specific intent of the crime of child molestation.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED FEBRUARY 2, 2006 —
RECONSIDERATION DENIED FEBRUARY 21, 2006 —

*West & Corvelli, David S. West*, for appellant.
*Patrick H. Head, District Attorney, Eleanor A. Dixon, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[8] See *Atkins v. State*, 243 Ga. App. 489, 490 (2) (533 SE2d 152) (2000); compare *Harper v. Patterson*, 270 Ga. App. 437, 441 (3) (a) (606 SE2d 887) (2004).

[9] 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

[10] 255 Ga. App. 680, 682 (3) (569 SE2d 250) (2002).