A07A1066. LILLY v. THE STATE.
(646 SE2d 512)

BLACKBURN, Presiding Judge.

Following a jury trial, Donald Lilly was convicted on one count of aggravated sexual battery[1] and one count of child molestation.[2] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred in denying his motion for a directed verdict of acquittal based on insufficiency of the evidence. For the reasons set forth below, we affirm.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as determining the sufficiency of the

---

evidence to support a conviction. *Hash v. State.*[3] "We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence." *Wesson v. State.*[4] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[5]

So viewed, the evidence shows that in early 2003, Lilly periodically lived with Joseph Prueitt (Lilly's half-brother) and Prueitt's family, which included his wife, his son, and his five-year-old daughter A. P. During the times that Lilly lived with Prueitt, he occasionally slept in the same bedroom as A. P. One night when Lilly was gone, A. P.'s stepmother (Prueitt's wife) was awakened by A. P., who was crying and holding her privates while pacing back and forth at the foot of her stepmother's bed. After her stepmother attempted to calm her and asked her what was wrong, A. P. responded that several nights earlier, Lilly had crawled into her bed and had touched her privates. A. P.'s stepmother immediately called her husband, who was working a night shift, and the police. The police officer who responded to the call took statements and scheduled A. P. to be interviewed a few days later. During this videotaped interview, A. P. stated that Lilly had touched her privates and had also put his finger inside her privates.

Lilly was arrested and indicted on one count of aggravated sexual battery and one count of child molestation. At trial, A. P. recounted the allegations of sexual abuse by Lilly. In addition, A. P.'s stepmother, the police officer who had conducted the videotaped interview with A. P., an investigator for the prosecutor, and a child counselor all testified as to what A. P. told them regarding Lilly's actions. At the trial's conclusion, Lilly was found guilty on both counts of the indictment. He filed a motion for new trial, which was amended and ultimately denied after a hearing. This appeal followed.

In his sole enumeration of error, Lilly contends that the trial court erred in denying his motion for directed verdict of acquittal, arguing that the evidence was insufficient to support his convictions of aggravated sexual battery and child molestation. We disagree.

A person commits child molestation by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). A person commits

---

[3] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[4] *Wesson v. State*, 279 Ga. App. 428, 429 (1) (631 SE2d 451) (2006).

[5] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

aggravated sexual battery "when he . . . intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b). Here, based on the testimony of A. P. and the witnesses with whom she discussed the incident, the evidence was sufficient for a rational trier of fact to have found Lilly guilty of aggravated sexual battery and child molestation.[6] See *Helton v. State.*[7]

Nevertheless, Lilly contends that the evidence did not support his conviction because A. P. made some contradictory statements during the videotaped police interview. Specifically, Lilly argues that A. P.'s statements, which occurred toward the end of the interview, that she "thinks it was all a lie" and that she "made it up" are so contradictory to her prior statements accusing Lilly of molesting her that the trial court should have granted his motion for directed verdict of acquittal. However, this contention is without merit. "Any alleged inconsistencies in the evidence and issues of [A. P.'s] credibility were for the jury, not this Court, to resolve." *Fiek v. State.*[8] See *Neal v. State.*[9] Because there was competent evidence here, even if contradicted, to support the State's case, the jury's verdict must be upheld. *Neal*, supra, 271 Ga. App. at 285 (1). Accordingly, the trial court did not err in denying Lilly's motion for directed verdict of acquittal. See *Helton*, supra, 268 Ga. App. at 431 (1).

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 17, 2007.

*Michael M. Sheffield*, for appellant.

*Daniel J. Porter, District Attorney, Karen M. Harris, Assistant District Attorney*, for appellee.

---

[6] At sentencing, the trial court merged Lilly's child molestation conviction with his aggravated sexual battery conviction. See *Davenport v. State*, 277 Ga. App. 758, 761 (2) (627 SE2d 133) (2006).

[7] *Helton v. State*, 268 Ga. App. 430, 431 (1) (602 SE2d 198) (2004).

[8] *Fiek v. State*, 266 Ga. App. 523, 527 (4) (597 SE2d 585) (2004).

[9] *Neal v. State*, 271 Ga. App. 283, 285 (1) (609 SE2d 204) (2005).