### A08A1076. CRANE v. THE STATE.
(662 SE2d 225)

BLACKBURN, Presiding Judge.

Following a jury trial, Tyrone Crane was convicted on one count of child molestation.[1] He appeals his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Crane] no longer enjoys a presumption of innocence." *Berry v. State*.[2] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the record shows that on November 21, 2004, Crane went to the home of his former girlfriend, who was the mother of his ten-year-old daughter T. C., to ask if he could take T. C. shopping. T. C.'s mother agreed, and the two left for their outing. After they had finished shopping, they returned to Crane's home. While there, Crane took T. C. into a bedroom, pulled down her skirt, and put his finger into her privates. Crane told T. C. not to tell anyone about his actions and, shortly thereafter, drove her to her grandmother's house, where her mother had planned for her to stay that night. Crane then went back to T. C.'s mother's house to watch television with her mother. After a few minutes, T. C.'s mother received a phone call from the grandmother, informing her that she had found blood in T. C.'s underwear and that T. C. had claimed that Crane had

---

[1] OCGA § 16-6-4 (a).
[2] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).
[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

molested her. During that phone conversation, Crane abruptly left the mother's house. Following the phone call, T. C.'s mother took T. C. to the police station to report the incident. The next day, T. C. was examined by a doctor at a local hospital and later was interviewed about the incident and more thoroughly examined at a local resource center for abused children. The second examination revealed that T. C. had suffered a minor abrasion to her privates that was consistent with sexual abuse.

Crane was arrested and indicted on one count of child molestation. At trial, T. C. testified that Crane had sexually molested her, and the interviewer from the child resource center testified that T. C. recounted the details of the molestation during the interview. The medical personnel, who had examined T. C., testified that their findings were consistent with her complaints of sexual abuse. In addition, the State introduced similar transaction evidence, which showed that Crane had pled guilty in 1989 to charges that he molested his ten-year-old sister. Crane testified in his own defense and denied T. C.'s allegations; however, the jury found him guilty on the charge of child molestation. Crane filed a motion for new trial, which was denied after a hearing. This appeal followed.

In his sole enumeration of error, Crane contends that the evidence was insufficient to support his conviction on the charge of child molestation. Specifically, Crane argues that the evidence was insufficient because T. C. initially offered conflicting accounts regarding whether Crane molested her and, at one point, claimed that she had been molested by a boy at school. He further argues that the evidence was insufficient because T. C. and her mother offered conflicting testimony as to when the blood first appeared in T. C.'s underwear and as to whether the bleeding was caused by sexual abuse or was the result of T. C.'s first menstrual cycle. We determine that the evidence was sufficient.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Here, there is competent evidence, even if contradicted, to support each element of this offense. See *Chalker v. State*;[4] *Malone v. State*.[5] Indeed, "[t]he testimony of [T. C.] alone was sufficient to authorize the jury to find that [Crane] committed the acts claimed by her and to infer that he acted with the intent to arouse or satisfy his and her sexual desires." (Footnote omitted.) *Malone*, supra, 277 Ga.

---

[4] *Chalker v. State*, 281 Ga. App. 305, 308 (635 SE2d 890) (2006).
[5] *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).

App. at 696 (1). See *Ferrell v. State.*[6] Furthermore, Crane's argument that inconsistencies in some of T. C.'s and her mother's testimony constitutes insufficient evidence is without merit. "It was the jury's role to determine whether [T. C.'s] testimony contained inconsistencies and to resolve conflicts between her testimony and that of other witnesses." *Chalker*, supra, 281 Ga. App. at 307-308. Here, the jury obviously resolved those conflicts against Crane. Accordingly, we affirm the conviction.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED MAY 5, 2008.

*Jason P. Carini*, for appellant.

*Denise D. Fachini, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.

---

[6] *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002).