### A08A1940. TERRY v. THE STATE.
(667 SE2d 109)

BLACKBURN, Presiding Judge.

Following a jury trial, Brian Keith Terry was convicted on one count each of aggravated child molestation,[1] sodomy,[2] and child molestation.[3] He appeals his convictions and the denial of his motion for new trial, arguing that (i) the State failed to prove venue beyond a reasonable doubt and that the trial court erred (ii) in admitting into evidence statements he made while in police custody and (iii) in denying his motion for directed verdict of acquittal as to all charges. For the reasons set forth below, we affirm.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Chambers v. State*.[4] In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[5] We do not weigh evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[6]

So viewed, the evidence shows that on the night of June 23, 2003, 11-year-old K. T. was attending vacation Bible school at her church when she told the mother of one of her friends that she

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-2 (a) (1).

[3] OCGA § 16-6-4 (a).

[4] *Chambers v. State*, 288 Ga. App. 550 (654 SE2d 451) (2007).

[5] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

needed to talk to her. After the friend's mother spent a few minutes trying to calm her, a visibly upset K. T. confided that she did not want to go home because Terry, her 19-year-old half-brother, had been sexually molesting her. The friend's mother immediately informed her husband, who worked as a police officer, about K. T.'s allegations. As a result, the next day K. T.'s mother brought K. T. to a child advocacy center where she was interviewed by another police officer. During the interview, K. T. disclosed that on several occasions Terry had come into her room at their house and had put his privates into her bottom. She further stated that she was nine or ten years old when Terry first started sexually abusing her in this manner and that he told her not to tell anyone about his actions.

Terry was arrested and indicted on two counts of aggravated child molestation, one count of sodomy, and one count of child molestation. At trial, the mother of K. T.'s friend recounted K. T.'s initial outcry regarding the sexual abuse, the officer who interviewed K. T. testified, and the videotaped recording of that interview was played for the jury. In addition, K. T. testified that Terry had molested her on numerous occasions by putting his privates into her bottom. She further testified that this abuse usually occurred at her house. Terry testified in his own defense and denied all charges. After the State rested, Terry moved for a directed verdict of acquittal on all charges, which the trial court denied. The jury found Terry guilty on one of the counts of aggravated child molestation, on the count of sodomy, and on the count of child molestation, but found him not guilty on the second count of aggravated child molestation. Thereafter, Terry filed a motion for new trial, which the trial court denied. This appeal followed.

1. Terry contends that the trial court erred in denying his motion for directed verdict of acquittal on all charges. Specifically, Terry argues that K. T.'s testimony was the only evidence that he committed the charged offenses and that this evidence was insufficient because it was confusing and contradictory. This argument lacks merit.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). "A person commits the offense of sodomy when he or she performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1). Additionally, "[a] person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

Here, K. T. testified that on numerous occasions Terry put his privates into her bottom. Thus, there is competent evidence, even if contradicted, to support each element of the offenses for which Terry was convicted. See *Chauncey v. State*.[7] Indeed, the testimony of K. T. alone was sufficient to authorize the jury to find that Terry committed the acts claimed by her. *Malone v. State*.[8] Furthermore, Terry's argument that inconsistencies or contradictions in some of K. T.'s testimony render the evidence insufficient is without merit. "It was the jury's role to determine whether [K. T.'s] testimony contained inconsistencies and to resolve conflicts between her testimony and that of other witnesses." *Chalker v. State*.[9] See *Malone*, supra, 277 Ga. App. at 696 (1). In this matter, the jury obviously resolved those conflicts against Terry. Thus, we conclude that the evidence was sufficient for a rational trier of fact to find Terry guilty beyond a reasonable doubt of the charged offenses. Accordingly, the trial court did not err in denying Terry's motion for directed verdict of acquittal.

2. Terry contends that the State failed to prove venue, arguing that the evidence was insufficient to show that the crimes alleged were committed in Floyd County where he was tried. We disagree.

"Under our Constitution, proper venue in all criminal cases is the county in which the crime was allegedly committed and is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt." (Footnote omitted.) *Payne v. State*.[10] See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. "The prosecution may prove venue by direct and circumstantial evidence." *Payne*, supra, 290 Ga. App. at 590 (2). Furthermore, venue "is a question for the jury, whose decision will not be set aside if there is any evidence to support it." *Boyd v. State*.[11]

Here, while being interviewed, K. T. told the police that Terry had sexually abused her at her home. At trial, K. T. again testified that at least three instances of forced sodomy occurred at her home. Importantly, the Floyd County police officer who conducted the interview with K. T. testified that the house in which K. T. was living at the time of the sexual abuse was located in Floyd County. Thus, "[a]s some evidence showed the crimes took place in [Floyd County], the evidence sufficed as to venue." *Boyd*, supra, 289 Ga. App. at 344 (1) (b). See *Payne*, supra, 290 Ga. App. at 591 (2); *Green v. State*.[12]

[7] *Chauncey v. State*, 283 Ga. App. 217, 219 (1) (641 SE2d 229) (2007).

[8] *Malone v. State*, 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).

[9] *Chalker v. State*, 281 Ga. App. 305, 307-308 (635 SE2d 890) (2006).

[10] *Payne v. State*, 290 Ga. App. 589, 589-590 (2) (660 SE2d 405) (2008).

[11] *Boyd v. State*, 289 Ga. App. 342, 343 (1) (b) (656 SE2d 864) (2008).

[12] *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

3. Terry also contends that the trial court erred in admitting into evidence statements he made while in police custody, arguing that suppression was warranted because he was not given his *Miranda* rights. The issue of whether a defendant's custodial statement was the result of an interrogation or was instead volunteered is a determination of fact for the trial court, and we will not disturb it unless it is clearly erroneous. *Velazquez v. State.*[13]

At the *Jackson-Denno*[14] hearing in this matter, the officer, who served Terry with the arrest warrant and transported him to the police station, testified that upon his arrest, Terry asked what the charges against him were. When the officer told Terry that he was being charged with sexually molesting K. T., Terry voluntarily responded that "he didn't think he had touched her anymore." The officer also testified that he did not inform Terry of his *Miranda* rights at the time of his arrest because he was not going to be the one who would be interrogating Terry.

"Where a defendant makes a voluntary statement without being questioned or pressured by an interrogator, the statements are admissible despite the absence of *Miranda* warnings." (Punctuation omitted.) *State v. Davison.*[15] "[L]aw enforcement officers do not have a duty to prevent a defendant from talking about the criminal incident if the defendant wishes to do so; they must not interrogate but they need not refuse to listen." *Velazquez*, supra, 282 Ga. at 878 (8). Here, Terry's statement was in response to the officer's answer to Terry's question concerning the charges against him. Under such circumstances, the officer's answer "was not such as to be reasonably likely to elicit an incriminating response from [Terry]." (Punctuation omitted.) *Oliver v. State.*[16] Thus, there was evidence to support findings that Terry's statement was voluntary and that it was not the result of an interrogation. See *Velazquez*, supra, 282 Ga. at 878 (8); *Davison*, supra, 280 Ga. at 88 (2); *Oliver*, supra, 274 Ga. at 541 (3). Accordingly, the trial court did not err in admitting Terry's custodial statement into evidence.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED AUGUST 14, 2008 —
RECONSIDERATION DENIED AUGUST 28, 2008.

*Ronald G. Shedd*, for appellant.

---

[13] *Velazquez v. State*, 282 Ga. 871, 877 (8) (655 SE2d 806) (2008).
[14] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[15] *State v. Davison*, 280 Ga. 84, 87 (2) (623 SE2d 500) (2005).
[16] *Oliver v. State*, 274 Ga. 539, 541 (3) (554 SE2d 474) (2001).

*Leigh E. Patterson, District Attorney, Mary B. Gregoire, Assistant District Attorney*, for appellee.