### A09A2323. BRIGHT v. THE STATE.
(687 SE2d 208)

BLACKBURN, Presiding Judge.

Following a jury trial, Stephen Bright was convicted on two counts of child molestation.[1] He appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred by instructing the jury on the law of voluntary intoxication. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Bright] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[2] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the record shows that in late January 2003, 13-year-old B. V., who was then living with her father and stepmother, went to spend the weekend with her mother and stepfather at their home. At that time, Bright, who was a friend and employee of B. V.'s stepfather, was also temporarily living at the home. That Friday night, after B. V.'s mother and stepfather went to bed, Bright offered B. V., her 10-year-old half-sister, and the half-sister's 10-year-old friend some bourbon and had several drinks with the three girls. After the two younger girls fell asleep, Bright and B. V. smoked some marijuana, and Bright began kissing B. V. He then lured B. V. into his bedroom, removed her pants, and put his fingers in her privates. A few minutes later, Bright started to put his privates into B. V.'s privates, but B. V. said that she had to use the bathroom, after which she left Bright's room and did not return.

Several months later, the police were investigating allegations made by B. V.'s half-sister and by Bright's 14-year-old cousin that Bright had molested them, when B. V.'s half-sister told the police that Bright had also molested B. V. back in January. Consequently,

---

[1] Former OCGA § 16-6-4 (a) (2003).

[2] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

the police contacted B. V.'s father and stepmother to inform them of the allegations, and thereafter, B. V. confirmed to her parents and the police that Bright had sexually molested her. After B. V. met with police, a physician examined B. V. and concluded that it was possible that she had been sexually penetrated.

Bright was arrested and indicted on four counts of child molestation. Count 1 of the indictment alleged that Bright placed his privates on and within B. V.'s privates, and Count 2 alleged that he had placed his hand against B. V.'s privates. Count 3 alleged that Bright had placed his hand against B. V.'s half-sister's privates, and Count 4 similarly alleged that he had placed his hand against his young cousin's privates. At trial, B. V. and the other two alleged victims testified that Bright had molested them, and a detective testified regarding her investigation of the case. In addition, the physician who examined B. V. testified as to his findings. At the trial's conclusion, the jury found Bright guilty on both counts of the indictment that alleged that he had molested B. V. (Counts 1 and 2) but found him not guilty on the counts related to the other two alleged victims (Counts 3 and 4). Subsequently, Bright filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Bright contends that the evidence was insufficient to support his convictions of child molestation. We disagree. A person commits child molestation by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Former OCGA § 16-6-4 (a) (2003). In this matter, B. V. testified that Bright put his fingers inside her privates and later touched her privates with his privates. "It is well established that in child molestation cases, the victim's testimony alone is sufficient to support a conviction." *Green v. State*.[4] Thus, there is competent evidence to support Bright's convictions of child molestation. See *Crane v. State*;[5] *Hutchinson v. State*.[6]

Nevertheless, Bright contends that the evidence was insufficient, arguing that B. V.'s delay in reporting the incident and her admission to smoking marijuana and drinking bourbon destroyed her credibility. This contention is without merit. "Any alleged inconsistencies in the evidence and issues of [B. V.'s] credibility were for the jury, not this Court, to resolve." (Punctuation omitted.) *Lilly*

---

[4] *Green v. State*, 293 Ga. App. 752, 753-754 (1) (667 SE2d 921) (2008).
[5] *Crane v. State*, 291 Ga. App. 414, 415 (662 SE2d 225) (2008).
[6] *Hutchinson v. State*, 287 Ga. App. 415, 418 (651 SE2d 523) (2007).

*v. State.*[7] See *Neal v. State.*[8] Here, the jury obviously resolved these issues against Bright. See *Hutchinson*, supra, 287 Ga. App. at 417-418. Accordingly, we affirm the convictions.

2. Bright contends that the trial court erred by instructing the jury on the law of voluntary intoxication. Specifically, Bright argues that because he did not assert intoxication as a defense to the charges, the instruction on that issue constituted an impermissible expression of the court's opinion on the evidence in violation of OCGA § 17-8-57. We disagree.

"Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." (Punctuation omitted.) *Lloyd v. State.*[9] See *Byers v. State.*[10] In this matter, there was considerable evidence that Bright was drinking bourbon and may have been intoxicated on the night that he sexually molested B. V. Her half-sister, her friend, and B. V. testified that Bright was drinking bourbon on the night of the incident. In fact, all three girls specifically testified that Wild Turkey was the brand of bourbon that Bright was drinking and sharing with them. Additionally, B. V. testified that she believed Bright was drunk on the night in question. Given these circumstances, the trial court did not err by instructing the jury on voluntary intoxication. See *Byers*, supra, 276 Ga. App. at 296 (1); *Lloyd*, supra, 263 Ga. App. at 238 (4). Furthermore, "[t]he trial court did not violate the provisions of OCGA § 17-8-57 when, as here, it simply charges on a point of law." *Hendrix v. State.*[11]

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED NOVEMBER 19, 2009.

*Christopher G. Paul*, for appellant.
*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.

---

[7] *Lilly v. State*, 285 Ga. App. 427, 429 (646 SE2d 512) (2007).
[8] *Neal v. State*, 271 Ga. App. 283, 285 (1) (609 SE2d 204) (2005).
[9] *Lloyd v. State*, 263 Ga. App. 234, 238 (4) (587 SE2d 372) (2003).
[10] *Byers v. State*, 276 Ga. App. 295, 296 (1) (623 SE2d 157) (2005).
[11] *Hendrix v. State*, 230 Ga. App. 604, 606 (3) (497 SE2d 236) (1997).