## A10A1275. WALKER v. THE STATE.
### (695 SE2d 373)

BLACKBURN, Judge.

Following a 1993 jury trial, David Walker was convicted on two counts of child molestation[1] and two counts of cruelty to children.[2] He appeals, arguing that the evidence was insufficient to support his convictions. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Walker] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State.*[3] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the record shows that on January 30, 1993, Kelly Dixon hired a neighbor's daughter to babysit her seven-year-old son, her nine-year-old daughter, A. D., and her daughter's seven-year-old friend, C. K., who was spending the night. After the babysitter arrived, Dixon went to a bar to meet friends. At the bar, she ran into Ed Hudson, who was a friend she had known since high school, and Hudson's friend Walker. At some point after 3:00 a.m., Dixon had Hudson drive her home because she had been drinking too much to drive her own vehicle. Walker, who had gone to the bar with Hudson, accompanied Dixon and Hudson back to Dixon's home. Upon arriving home, Dixon found the three children sleeping in her bed and asked the babysitter to help her move her son to his room and the two girls to A. D.'s room. Thereafter, Dixon and Hudson retired to Dixon's bedroom. Walker went to sleep on a couch in the living room, and the babysitter slept on a large chair in the same room. Before he went to sleep, Walker told the babysitter that he usually slept without clothes but would not do so since he was a guest.

---

[1] Former OCGA § 16-6-4 (a) (1992).

[2] Former OCGA § 16-5-70 (b) (1992). The 1992 version of this statute specified that a "person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." The statute was amended in 1996 to reclassify this offense as cruelty to children in the first degree. See Ga. L. 1996, p. 1071, § 1.

[3] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

Sometime in the early morning hours, A. D. and C. K. awoke to find that Walker was lying on top of them without any clothes and was rubbing his private part back and forth across their back sides. Immediately, both girls got out of the bed and ran to Dixon's room, with A. D. exclaiming that there was a man in her bed. However, neither girl explained at that time the details of what Walker had done. Thinking that Walker had just mistaken her daughter's room for the bathroom, Dixon told the girls to get their sleeping bags and sleep in the living room.

The next morning after Dixon had left with Hudson and Walker to retrieve her car, A. D. and C. K. confided to the babysitter that Walker had rubbed his private part on them while lying on top of them in A. D.'s bed. When Dixon returned home, the babysitter told her what the girls had said, and subsequently, A. D. described the incident to her mother. Dixon immediately informed C. K.'s mother about the incident and contacted the police that same day. Both girls later recounted the incident to the police and a Department of Family and Children Services (DFCS) caseworker.

Walker was indicted on one count each of child molestation and cruelty to children related to the act committed against A. D. and on one count each of the same two offenses related to the act committed against C. K. At trial, both A. D. and C. K. testified about the incident, and the babysitter and the DFCS caseworker testified regarding the girls' outcry. Additionally, both of the girls' mothers testified that ever since the incident their daughters were afraid to sleep in their own beds. C. K.'s mother further testified that C. K. was undergoing counseling twice each week as a result of the incident. At the trial's conclusion, the jury found Walker guilty on all counts.

Shortly after his conviction, Walker filed a motion for new trial. For reasons not relevant to this opinion, the trial court did not rule on Walker's motion for new trial until December 14, 2009, when it denied it. Thereafter, Walker filed a timely notice of appeal of the trial court's ruling.

In his sole enumeration of error, Walker contends that the evidence was insufficient to support his convictions of child molestation and cruelty to children. We disagree. A "person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." Former OCGA § 16-6-4 (a) (1992). A "person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical or mental pain." Former OCGA § 16-5-70 (b) (1992).

In this matter, A. D. and C. K. both testified that Walker rubbed

his exposed private part on their backs while lying on top of them. "It is well established that in child molestation cases, the victim's testimony alone is sufficient to support a conviction." (Punctuation omitted.) *Bright v. State*.[5] Additionally, both of the girls' mothers testified that since the incident, both girls feared sleeping in their own beds. C. K.'s mother further testified that C. K. was undergoing counseling as a result of the incident. Thus, the evidence was sufficient to support the jury's findings that Walker committed the offenses of child molestation and cruelty to children. See *Keith v. State*;[6] *Steele v. State*.[7]

Nevertheless, Walker argues that the evidence was insufficient, claiming that the girls' delay in not reporting the incident until the next morning and inconsistencies in some of the details of their accounts undermined their credibility. This contention is without merit. "Any alleged inconsistencies in the evidence and issues of [the girls'] credibility were for the jury, not this Court, to resolve." (Punctuation omitted.) *Lilly v. State*.[8] Here, the jury obviously resolved these issues against Walker. See *Bright*, supra, 301 Ga. App. at 205-206 (1). Accordingly, we affirm Walker's convictions.

In light of our holding in this matter, the State's motion to dismiss Walker's appeal as untimely is denied as moot.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED MAY 11, 2010.

*Kathleen J. Anderson*, for appellant.

*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[5] *Bright v. State*, 301 Ga. App. 204, 205 (1) (687 SE2d 208) (2009).

[6] *Keith v. State*, 279 Ga. App. 819, 822 (3) (632 SE2d 669) (2006).

[7] *Steele v. State*, 248 Ga. App. 441, 443 (3) (546 SE2d 547) (2001).

[8] *Lilly v. State*, 285 Ga. App. 427, 429 (646 SE2d 512) (2007).