# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Prima Marketing, LLC, d/b/a Prima 7-Eleven,**
**Defendant Below, Petitioner**

**vs) No. 14-0275** (Wyoming County 12-C-133)

**Diane Rose Hensley,**
**Plaintiff Below, Respondent**

**FILED**

February 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Prima Marketing, LLC, d/b/a Prima 7-Eleven ("Prima"), by counsel, Steven K. Nord and Michael R. Dockery, appeals the Circuit Court of Wyoming County's February 11, 2014, order denying petitioner's motion to set aside default judgment.[1] Respondent, Diane Rose Hensley, by counsel Pamela A. Lambert and Karen S. Hatfield, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court erred with respect to its denial of petitioner's motion to set aside default judgment. For these reasons, a memorandum decision reversing the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

## I.    Facts and Procedural Background

On July 3, 2012, respondent filed suit against petitioner (a foreign limited liability company) in Wyoming County Circuit Court, arising out of a July 2, 2010, motor vehicle accident, which occurred in the parking lot of petitioner's business premises.[2] Respondent served

---

[1]This Court acknowledges that record reflects that while respondent made a motion for default judgment as to its claims against petitioner (and that the circuit court granted default judgment in favor of respondent), that the relief respondent actually sought from the circuit court was for default on the issue of liability against petitioner, not a default judgment after damages have been ascertained. Respondent's motion sought the court's ruling as to petitioner's liability for respondent's alleged injuries and damages. Respondent did not seek judgment from petitioner for a sum certain. The term "default judgment" in used throughout this decision to refer to a default, simply because the language of the circuit court's order and the parties underlying motions uses the term "default judgment" as opposed to default. This Court recognizes the difference between a default and default judgment.

[2]Respondent contends that as she was filling the tires of her utility trailer with air from an

1

her summons and complaint upon petitioner through the West Virginia Secretary of State's Office on November 2, 2012.

Petitioner filed no responsive pleading and, on October 15, 2013, respondent filed a motion for default judgment, pursuant to Rule 55 of the West Virginia Rules of Civil Procedure. When filing her motion, respondent provided the circuit court with a proposed order granting the motion. That same day, the circuit court entered an order granting respondent's motion for default judgment, with damages to be later determined. Petitioner contends that it first learned of respondent's complaint against it, when it received a copy of the motion for default and proposed order.[3] Ten days later, on October 25, 2013, petitioner filed a motion before the circuit court to set aside the default judgment. A hearing was held on petitioner's motion on January 22, 2014, and on February 11, 2014, the circuit court entered its order denying petitioner's motion to set aside default judgment.

In its February 11, 2014, order, the circuit court found that on November 2, 2012, respondent properly served her summons and complaint upon petitioner's attorney-in-fact (West Virginia Secretary of State), as permitted by West Virginia Code § 31D-5-504(c). The court noted that the agent and address for service of process listed on respondent's summons was the address the Secretary of State had on file for petitioner at the time of service. The court's order acknowledged petitioner's contentions, that on January 19, 2011, it presented an "Application to Change or Appoint Process," to the West Virginia Secretary of State's Office, in which it changed its registered agent from Michael Pernell (of Whitehall, West Virginia), to National Registered Agents, Inc., of Charleston West Virginia.[4] However, the court found this fact of little importance. The circuit court ruled that when respondent filed her complaint and made an inquiry to the West Virginia Secretary of State's office as to the agent and address of service for petitioner, Michael Pernell (petitioner's old agent) was still listed as petitioner's registered agent. The circuit court reasoned that even if petitioner had filed paperwork necessary to change its registered agent and address for service of process, petitioner still had a duty to follow-up with the Secretary of State's office to ensure that the requested change had been made.

The circuit court noted that when considering a motion to set aside an entry of default judgment, a court is required to make a determination as to whether "good cause" to set aside the default exists. The circuit court examined each of the factors for determining the existence of

---

air pump, she was struck by a vehicle operated by Robert Earl Kendall, and was pinned between Mr. Kendall's vehicle and her trailer. In her complaint, respondent alleges that petitioner is liable for her injuries because petitioner failed to have barriers, posts or other protective measures in place to prevent automobile operators from hitting patrons in the air filling station. Robert Earl Kendall is not involved in the appeal proceedings, but was named as a defendant below.

[3]Petitioner acknowledged receiving respondent's October 15, 2013, letter, but alleges that it did not receive a copy of the respondent's summons and complaint sent to the same address.

[4] The time stamp on the "Application to Appoint or Change Process, Officers, Members, Managers and/or Office Addresses," which petitioner filed with the Secretary of State, reveals that the application was filed on January 19, 2011, in the office of the Secretary of State.

good cause articulated by this Court in *Hardwood Group v. Larocco*, 219 W.Va. 56, 63, 631 S.E.2d 614, 621 (2006), and found good cause did not exist. It is from the circuit court's February 11, 2014, order that petitioner appeals.

## II. Standard of Review

"We review a decision by a trial court to award a default judgment pursuant to an abuse of discretion standard." *Leslie Equip. Co. v. Wood Res. Co., L.L.C.*, 224 W.Va. 530, 532, 667 S.E.2d 109, 111 (2009). In Syllabus Point 5 of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion."

We have previously held that "[a]n appellate court should find an abuse of discretion only when the trial court has acted arbitrarily or irrationally." *State v. Beard*, 194, W.Va. 740, 750, 461 S.E.2d 486, 496 (1995). In *Gentry v. Mangum*, 195 W.Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995), we found that an appellate court may reverse a circuit court's ruling for an abuse of discretion if "a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the circuit court makes a serious mistake in weighing them."

## III. Discussion

In this case, petitioner makes a number of arguments in its assignments of error. We decline to address any of petitioner's arguments that do not relate to whether the circuit court abused its discretion in denying petitioner's motion to set aside the entry of default judgment, as this assigned error is dispositive of the claims at issue.[5]

On appeal, petitioner argues that the circuit court abused its discretion in denying petitioner's motion to set aside the entry of default and in entering default judgment, as good cause existed to set aside the entry of default. We agree. As noted above, we ruled, in *Hardwood Group*, that in analyzing whether good cause exists for the purposes of motion to set aside default judgments the trial court should consider the following:

> (1) the degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; (4) the degree of intransigence on the part of the defaulting party; and (5) the reason for the defaulting party's failure to timely file an answer.

Syl. Pt. 4, in part, *Hardwood*, 219 W.Va. at 58, 631 S.E.2d at 616.

---

[5] Both parties address the merits of the respondent's claims against petitioner, as well as various other procedural issues.

3

In making its determination as to whether good cause existed, the circuit court examined each of the *Hardwood Group* factors. As to the degree of prejudice that would be suffered by respondent if the judgment was vacated, the circuit court determined that the prejudice would be great, as respondent had been made to wait for more than an year for petitioner to file a responsive pleading. The circuit court further reasoned that because petitioner took nearly a full year from the time of service to file a responsive pleading, that it would not be prejudiced by the entry of a default judgment.

While the circuit court highlighted the amount of time respondent had been made to wait, the court's February 11, 2014, order makes no reference to respondent's counsel's decision to wait nearly a year, after the alleged default, before pursuing a default judgment against petitioner. This decision certainly added to respondent's waiting time. The record reveals that within ten days of receipt of respondent's motion for default judgment and order granting said motion (which petitioner contends was its first notice of respondent's lawsuit), petitioner filed its motion to set aside the default pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Hence, we find little support in respondent's contention that she was prejudiced by petitioner's delay in filing a responsive pleading.

With respect to the presence of material issues of fact and meritorious defenses, the circuit court reasoned that since petitioner never filed a responsive pleading, there was no evidence on the record that any material issues of fact and meritorious defenses existed. However, we note that in its motion to set aside default judgment, petitioner disputes the material allegations of the plaintiff's complaint and argues that it is not liable for petitioner's alleged injuries and damages. Accordingly, we find that the requirement of a meritorious defense exists.

As to the significance of the interests at stake, we agree with the circuit court's determination that the interests at stake were significant.[6] The circuit court determined that petitioner's intransigence was significant. The court reasoned that petitioner had many opportunities to follow-up with the Secretary of State's office to determine that the requested changes in its agent and address of process had been made, but petitioner made no such inquiries. In fact, as late as December 6, 2012, nearly two years following the submission of the "Application to Change or Appoint Process," the agent and address for service of process still had not been changed by the Secretary of State. The circuit court ruled that petitioner's delay of nearly two years in following-up with its attorney-in-fact to ensure that the proper agent and address for service was on record and that no lawsuits had been filed against it, did not constitute excusable neglect. We disagree.

The record reveals that petitioner properly submitted an "Application to Change or Appoint Process" to the West Virginia Secretary of State's office changing its registered agent and service of process address at a time well before respondent attempted service of her

---

[6] The circuit court based its holding on the respondent's allegations (set forth in her complaint) of severe physical pain and suffering; mental anguish and suffering; permanent physical impairment; loss of capacity to enjoy life; past, present and future medical expenses; and annoyance and inconvenience.

4

complaint on petitioner. At the January 22, 2014, hearing held on petitioner's motion to set aside default judgment, the judge presiding over the case stated that "[i]t's clear to me that the Secretary of State's Office made a mistake." While the petitioner should have followed up to ensure that the changes it requested to its registered agent and service of process address were made, we do not find that this fact amounts to significant intransigence.

For the foregoing reasons and in accord with this Court's preference that cases be decided on their merits, we find that good cause or excusable neglect existed as to petitioner's filing of a responsive pleading and that the circuit court abused its discretion in ruling otherwise.[7] Accordingly, we reverse the circuit court's February 11, 2014, order and remand this case with directions to vacate the October 15, 2013, default and default judgment order against petitioner.

Reversed and remanded.

**ISSUED:** February 27, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] In determining the discretion issue, we have established that as a basic policy cases should be decided on their merits, and consequently default judgments are not favored and a liberal construction should be accorded a Rule 60(b) motion to vacate a default order. *Parsons v. Consol. Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979).