**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 14, 2019**

# In the Court of Appeals of Georgia

A19A2186. SHEPHERD v. THE STATE.

MERCIER, Judge.

Following a jury trial, Michael Lee Shepherd was convicted of multiple counts of aggravated child molestation, child molestation, attempted child molestation, and cruelty to children. The trial court denied Shepherd's motion for new trial, and he appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm in part and reverse in part.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. See *Terry v. State*, 293 Ga. App. 455 (667 SE2d 109) (2008). We do not weigh the evidence or resolve issues of witness credibility, but merely determine

whether the evidence was sufficient for the jury to find the defendant guilty of the charged offenses beyond a reasonable doubt. See id.

So viewed, the evidence shows that Shepherd has two sons, D. S. and A. S., and one daughter, E. S. In 2014, the Department of Family and Children Services ("DFCS") received information regarding allegations of domestic violence and substance abuse in Shepherd's home. DFCS removed the children from the home and placed them in foster care, where they disclosed to their foster mother that Shepherd had beaten them on numerous occasions. D. S. and E. S. also reported that Shepherd had sexually abused them. The foster mother reported the outcries to DFCS personnel, who contacted the police.

The children subsequently described physical beatings and sexual abuse during forensic interviews that were video-recorded and played for the jury. They also reported the abuse to a medical provider, recounting various incidents of sexual and physical abuse, including that Shepherd hit them, threatened them with weapons, and slammed D. S. against a sink. The police obtained a search warrant for Shepherd's home and discovered specific items mentioned by the children, including a sword, drug paraphernalia, a back scratcher, and pornographic videos.

The three children, who ranged in age from ten to twelve years old at the time of trial, testified about the physical abuse inflicted by their father. They asserted that Shepherd beat A. S. with his hands and a wooden back scratcher, causing A. S. to bleed. Shepherd also threatened A. S. with an ax and kicked him down a flight of stairs. Shepherd hit D. S. and E. S. with the back scratcher, held a knife to D. S.'s throat while choking him, cut D. S.'s hand with a knife, and placed a gun to D. S.'s head. Shepherd similarly threatened E. S. with weapons, putting a gun to her head and a sword to her throat.

D. S. and E. S. further described the sexual abuse. Both testified that Shepherd made them watch pornographic videos. After watching the videos and at Shepherd's insistence, D. S. masturbated, and E. S. placed her mouth on D. S.'s penis. Shepherd also forced E. S. to place her mouth on his penis more than one time, and Shepherd made D. S. place his mouth on Shepherd's penis. Shepherd attempted to touch E. S.'s genital area with his mouth and hand. And he made D. S. and E. S. smoke drugs.

The jury found that Shepherd committed multiple offenses: five counts of aggravated child molestation by forcing E. S. to place her mouth on his penis on two occasions (Counts 1 and 2), placing his mouth on E. S.'s genital area (Count 3), having E. S. place her mouth on D. S.'s penis (Count 4), and having D. S. place his

3

mouth on Shepherd's penis (Count 12); two counts of child molestation by showing pornographic material to D. S. and E. S. (Count 5) and having D. S. place his hand on his own penis (Count 13); one count of criminal attempt to commit child molestation by trying to place his hand on E. S.'s genital area (Count 6); and fifteen counts of cruelty to children by hitting E. S. with his hand (Count 7), putting a sword to E. S.'s throat (Count 8), placing a firearm to the heads of D. S. and E. S. (Counts 9 and 14), forcing D. S. and E. S. to smoke a substance that had the effect of a drug (Counts 11 and 20), placing a knife to D. S.'s head (Count 15), cutting D. S. with a knife (Count 16), choking D. S. (Count 17), hitting D. S. with a back scratcher (Count 18), slamming D. S. against a sink (Count 19), throwing A. S. down a flight of stairs (Count 21), threatening A. S. with an ax (Count 22), hitting A. S. (Count 23), and hitting A. S. with a back scratcher (Count 24).[1] Shepherd challenges the sufficiency of the evidence as to each count.

1. With respect to Count 3, which alleged that Shepherd committed aggravated child molestation by placing his mouth on E. S.'s genital area, we are constrained to agree that the evidence was insufficient. Although E. S. testified that Shepherd *tried*

---

[1] The jury found Shepherd not guilty of one count of cruelty to children (Count 10).

to touch her genital area with his mouth, nothing in her testimony or forensic interview reveals that he *actually* placed his mouth there, and the State has pointed to no evidence supporting the jury's verdict on this charge. Accordingly, because the State failed to present sufficient evidence that Shepherd committed aggravated child molestation as alleged in Count 3, we must reverse his conviction on that charge. See OCGA § 16-6-4 (c) ("A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy."); *Williams v. State*, 302 Ga. 404, 407-408 (2) (b) (807 SE2d 418) (2017) (reversing armed robbery conviction where evidence failed to show that defendant succeeded in taking property from the victim).

2. As to the remaining convictions, the evidence was sufficient. The extensive proof offered by the State, including the video-recordings of the forensic interviews, testimony about the children's various disclosures, and testimony from the children themselves, authorized the jury to conclude that Shepherd committed aggravated child molestation, child molestation, attempted child molestation, and cruelty to children as alleged in Counts 1-2, 4-9, and 11-24 of the indictment. See OCGA § 16-6-4 (c) (defining aggravated child molestation); OCGA § 16-6-4 (a) (defining child

5

molestation); OCGA § 16-4-1 (defining criminal attempt); OCGA § 16-5-70 (defining cruelty to children).

On appeal, Shepherd argues that the statements and testimony of the children were not believable, that the children had been dishonest in the past, and that no physical evidence corroborated their allegations. Two neighbors and a friend of E. S., however, testified that they observed bruises and other injuries on the children, and the neighbors saw Shepherd kick A. S. Moreover, the jury – not this Court – resolves evidentiary conflicts and determines the credibility of witnesses. See *Patterson v. State*, 350 Ga. App. 540, 543 (1) (829 SE2d 796) (2019). "[T]he resolution of such conflicts adversely to the defendant does not render the evidence insufficient." Id. (citation and punctuation omitted). The jury deemed the children credible, as it was authorized to do. Accordingly, we affirm the judgments of conviction entered on Counts 1-2, 4-9, and 11-24. See id.; see also *Terry*, supra at 457 (1).

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Brown, J., concur*.